**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS**
**PROVIDENCE, SC** **SUPERIOR COURT**

**RHODE ISLAND FISHERMEN'S ALLIANCE, INC., by and through its President, RICHARD FUKA, STEVEN RILEY, individually, BRIAN LOFTES, individually, STEPHEN MEDERIOS, individually, GREG DUCKWORTH, individually, VINCENT CARVALHO, individually, PETER DIBIASE, ESQ., individually, ROBERT MORRIS, individually, and ANDREW CAVANAGH, individually,**
***Plaintiffs***

**v.** **C.A. NO.** PC/07-2878

**THE DEPARTMENT OF ENVIRONMENTAL MANAGEMENT And W. MICHAEL SULLIVAN, PH.D. In his capacity as the Director of the Rhode Island Department of Environmental Management**
***Defendants***

**COMPLAINT FOR DECLARATORY JUDGMENT; AND MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs, Rhode Island Fishermen's Alliance, Inc, by and through its President, Richard Fuka, Steven Riley, individually, Peter Dibiase, Esq., individually, Andrew Cavanagh, individually, Robert Morris, individually, Vincent Carvalho, individually, Greg Duckworth, individually, Stephen Mederios, individually, and Brian Loftes, individually, (hereinafter "Plaintiffs"), allege in their complaint against the Department of Environmental Management (hereinafter DEM) and Michael Sullivan, PH.D., (hereinafter "Director") in his official capacity as the Director of Rhode Island Department of Environmental Management (hereinafter collectively referred to as "Defendants,") the following:

## JURISDICTION

1. This Court has jurisdiction pursuant to R.I.G.L. §9-30-1 *et seq.* which grants the Superior Court "powers to declare rights, status and other legal relations whether or not further relief is or could be claimed." This court also has jurisdiction pursuant to R.I.R.Super.Civ.P., Rule 65.

## PRELIMINARY INJUNCTION STANDARD

2. Preliminary injunction is appropriate because Plaintiffs have a reasonable likelihood of success on the merits, Plaintiffs will suffer irreparable harm without the requested injunctive relief, Plaintiffs have the balance of equities, including the possible hardships to each party and to the public interest, tip in their favor, and the issuance of a preliminary injunction will preserve the status quo.

## PARTIES

3. Plaintiff, Richard Fuka, is a Rhode Island resident and the President of the Rhode Island Fishermen's Alliance, Inc., (hereinafter "Alliance.")
4. Plaintiff, Rhode Island Fishermen's Alliance, Inc., is an organization of commercial fishermen and others, whose stated purpose is to support continual and common access to the marine fisheries; for freely using and exercising the trade of fishing upon Rhode Island waters; and for the conservation and proper use of those food resources. Several of the Alliance's members hold Rhode Island commercial lobster licenses and are or may be adversely affected by the certain rules promulgated by the Defendants which are the subject matter of the within complaint.
5. Plaintiff, Steven Riley, is a resident of the State of Rhode Island, is a member of the Alliance, and possesses a valid Rhode Island commercial lobster license.

6. Plaintiff, Peter Dibiase, esq., is a resident of the State of Rhode Island, is a member of the Alliance, and possesses a valid Rhode Island commercial lobster license.
7. Plaintiff, Robert Morris, is a resident of the State of Rhode Island, is a member of the Alliance, and possesses a valid Rhode Island multipurpose fishing license which also allows him to catch lobsters commercially.
8. Plaintiff, Andrew Cavanagh, is a resident of the State of Rhode Island, is a Portsmouth High School student with an expected graduation date in June 2008, and has a valid Rhode Island commercial lobster license. Cavanagh also participates in a Work Experience class at Portsmouth High School that allows him to leave school early to work on his lobster boat, but as a result of the new rules, Mr. Cavanagh's access allocation is insufficient to work in an economically feasible manner.
9. Plaintiff Vincent Carvalho, is a resident of the State of Rhode Island, is a member of the Alliance, and possesses a valid Rhode Island multipurpose fishing license which also allows him to catch lobsters commercially.
10. Plaintiff Brian Loftes, is a resident of the State of Rhode Island, is a member of the Alliance, and possesses a valid Rhode Island multipurpose fishing license which also allows him to catch lobsters commercially.
11. Plaintiff Greg Duckworth, is a resident of the State of Rhode Island, is a member of the Alliance, and possesses a valid Rhode Island multipurpose fishing license which also allows him to catch lobsters commercially.
12. Stephen Mederios, is a resident of the State of Rhode Island, is a member of the Alliance, and possesses a valid Rhode Island multipurpose fishing license which also allows him to catch lobsters commercially.

13. Defendant, Department of Environmental Management, (hereinafter DEM) is the agency responsible for promulgating the rules and regulations denying licensed commercial fishermen the issuance of any allocations for the taking of lobsters commercially.

14. Defendant, Michael Sullivan, PH.D., is the Director of DEM, a state administration agency, established under the provisions of agency, and existing under the provisions of R.I.G.L. § 42-17.1-1 *et. seq.*

**FACTS AND TRAVEL**

15. Concerned over depletion of the American Lobster population in Area 2 which, includes Rhode Island waters, the Atlantic States Maine Fisheries Commission (hereinafter ASMFC) adopted Addendum VII to Amendment 3 of the ASMFC American Lobster Management Plan in November of 2005.

16. Addendum VII employs a limited access plan to the lobster trap fishery based on the history of individual commercial fishermen's landings and pot use in previous years.

17. DEM developed regulations to implement its own regulatory scheme which essentially adopted the ASMFC's Addendum VII.

18. On April 11, 2007, the Director adopted regulations providing for Lobster Trap Allocation (hereinafter LTA) for Area 2 based on individual licensees' lobster fishing landings during the period of time between the year 2001 and 2003.

19. Although called LTAs, the trap allocations are more accurately described as Lobster Trap Access Tags, because the Plaintiffs are not allocated traps. The Plaintiffs already possess the license and the traps. However, the new regulations deny them access to the use of their traps for the taking of lobsters.

20. Specifically, to qualify for Area 2 LTA an individual who possessed a commercial lobster license must have had a valid license or federal permit endorsed for Area 2 during the period of 2001-2003, i.e., must have landed lobsters with traps from Area 2 at some point during that period. See Rhode Island Marine Fisheries Regulations (R.I.M.F.Reg) Rule 15.14, 2-6 (a) (i) (ii). Further, the licensee must have "Renewed his/her license/permit annually since 2003." Id. at (a) (iii).

21. The performance of landings during the 2001-2003 period is determined by the individual fisherman's documented logbook reports.

22. If a licensee did not participate in depleting the lobster stocks in Area 2 during the years 2001-2003 unless due to "material incapacitation," the licensee is not allotted any access to their traps for 2007, despite holding a valid license and having paid to renew the same annually.

23. Many members of the Rhode Island Fishermen's Alliance who hold valid Rhode Island commercial fishing licenses have been disenfranchised due to little or no landings during the retroactive control dates, namely the years 2001-2003.

24. Specifically, Plaintiff Steven Riley was issued a new restricted lobster license through lottery, in the spring 2003. The license allowed him to set no more than 100 traps beginning in the year 2004. Mr. Riley was immediately disenfranchised for the year 2007 as a result of not having had the license during the retroactive control dates used by the Defendants to access qualification. Because he did not have a lobster license during the qualifying period, he has been awarded no allocations.

25. Plaintiff Andrew Cavanagh, a student at Portsmouth High School, was allocated only 21 traps, or access tags based on his landings reported in the year 2002. Mr.

Cavanagh fished for lobsters in 2004 through 2006 and renewed his lobster fishing license in 2007.

26. Plaintiff Peter Dibiase, Esq., who possessed a valid commercial lobster license, did not land any lobsters during the period of 2001-2003 because of a shell disease that was affecting the lobsters and has therefore been denied use of his traps for 2007.

27. Plaintiff Robert Morris, who has possessed a valid commercial lobster license was allocated 100 access tags based on his landings from traps reported in 2001. Mr. Morris landed lobsters during the period of 2001-2003 with methods other than traps (trawl net) and received no access tags or LTAs based on those landings.

28. Plaintiff Vincent Carvalho, who possessed a valid commercial lobster license worked as a mate on several lobster trap vessels during the period from 2001-2003, landed lobsters for those vessels and was compensated with a share of the value of the catch. Mr. Carvalho was awarded no LTAs as he did not land lobster under his own license.

29. Plaintiff Brian Loftes, possessed a valid commercial multi-purpose license which allowed him to fish for lobsters during the period of 2001-2003. Mr. Loftes possessed his multi-purpose license for the very purpose of allowing lateral movement across fisheries when changes in economic returns demanded that he exercise that competitive option. Mr. Loftes was awarded no LTAs.

30. Plaintiff Gregg Duckworth, possessed a valid commercial multi-purpose license which allowed him to fish for lobsters during the period of 2001-2003. Mr. Duckworth stopped fishing for lobsters with two of his vessels during that period of time because an oil spill had caused the death of the lobsters in the area that his vessels were fishing. Mr. Duckworth was awarded no LTAs for those vessels.

31. Stephen Mederios, possessed a valid commercial multi-purpose license which allowed him to fish for lobsters during the period of 2001-2003. Mr. Mederios fished for lobsters and finfish with a trawl net during that period but has since become physically handicapped. Mr. Mederios was able to re-engage himself in the less demanding lobster trap fishery. Mr. Mederios was awarded no LTAs.

**COUNT I**

**(VIOLATION OF RHODE ISLAND'S CONSTITUTION, ARTICLE I § 17)**

32. Plaintiffs hereby incorporate by reference paragraphs one through thirty-one (31) as though set forth here in full.

33. Plaintiffs have a right to enjoy equal access to the fisheries of Rhode Island pursuant to R.I. Const. Article I § 17.

34. At present, those commercially licensed fishermen who happened to land lobsters by method of traps in the years 2001-2003 and maintained their licenses up to the present, are allowed to continue to have various levels of access to the lobster trap fishery for the year 2007.

35. Those commercially licensed fishermen who did not land lobsters by method of traps in the years 2001-2003 for any reason other than "material incapacitation," and maintained those licenses up to the present, have not been allowed access to the trap fishery for the year 2007. See R.I.M.F.Reg. 15-14.2.6. Those that possessed licenses and landed few lobsters during 2001-2003, have been allotted lobster tags according to their performance for those years.

36. Plaintiffs and those who happened to land lobsters by traps in the years 2001-2003 are similarly situated, in that both groups are residents of Rhode Island, commercially licensed to fish for lobsters and have paid the same licensing fee.

37. By enacting limited entry schemes, Rhode Island has created a private property interest in commercial access to the public's resource, through the licensing system, and has allowed for the transfer, purchase and sale of those licenses through business exchanges. Defendants have now created a property interest in the limited issuance of LTAs, granted such property to individuals who have been arbitrarily and capriciously determined to be qualified, and has implemented regulations for the transfer, exchange, purchase and sale of those access privileges. This regulatory scheme is clearly denying Plaintiffs equal access to the fisheries in violation of R.I. Const. Article I § 17.

**WHEREFORE**, the Plaintiffs respectfully request that the Court enjoin and restrain each of the Defendants from implementing and/or enforcing this regulatory scheme, and declare R.I.M.F.Reg 15-14.2.6 unconstitutional as violative of R.I. Const. Art. 1 § 17.

## **Count II**

## **(VIOLATION OF RHODE ISLAND'S CONSTITUTION, ARTICLE I § 2)**

38. Plaintiffs hereby incorporate paragraphs one through thirty-seven (37) as though set forth here in full.

39. Rhode Island's Constitution requires that the "burden of the state ought to be fairly distributed among its citizens" and that no "person shall be denied equal protection of the laws"

40. Rhode Island Marine Fisheries Regulation (R.I.M.F.Reg.) 15-14.2.6 does not distribute the burden fairly among its citizens in that it selects some members of the population to be entitled to fish for lobster while unfairly burdening equally qualified members of the population.

41. R.I.M.F.Reg.15-14.2.6 denies equal protection to the Plaintiffs who paid for and received the same license as those who will continue to be allowed to fish based on their retroactive landings.

42. Because there is a fundamental right to the fisheries, the defendants' arbitrary and capricious denial of access to the fisheries, to the Plaintiffs' detriment, is a violation of R.I. Const. Article I § 2.

43. Furthermore, Article I § 2 also provides "no person shall be deprived of life, liberty or property without due process of law."

44. R.I.M.F.Reg.15.14.2-6 is unconstitutional in its application in that it permits arbitrary and capricious action in the implementation of the access to traps previously issued.

45. Licensees who set traps for lobsters and landed their catch during the years 2001-2003 are being rewarded for their effort on the resource where those who maintained the same license during the same period of time and who may have diverted their effort to other species with a conservation purpose in mind, are now being penalized.

46. Licensees, including Plaintiffs Cavanagh, Dibiase, Morris, Riley, Carvalho, Duckworth, Mederios and Loftes, renewed their licenses in 2006 with the expectation that they would be allowed continued access to lobsters through the trap fishery in 2007. R.I.M.F.Reg 15.14.2-6 constitutes an unlawful taking in violation of Article I § 2.

47. The rules adopted create and absurd result by rewarding those who fished for lobster heavily during the specified period of time while penalizing those who may have chosen to assist in allowing the lobster population to recover.

**WHEREFORE**, the Plaintiffs respectfully request that the Court enjoin and restrain each of the Defendants from implementing this regulatory scheme, and declare R.I.M.F.Reg 15-14.2.6 unconstitutional as violative of R.I. Const. Art. 1 § 2.

**COUNT III**

**(VIOLATION OF RHODE ISLAND'S CONSTITUTION, ARTICLE I § 16)**

48. Plaintiffs hereby incorporate paragraphs one through forty seven (47) as though set forth here in full.

49. By enacting limited entry schemes, Rhode Island is creating a private property interest in commercial lobster licenses. Defendants have granted such property to Plaintiffs through the issuance of licenses and then pursuant to R.I.M.F.Reg. 15-14.2.6, they have denied Plaintiffs their property interest in the license without just compensation, which is in violation of the Article I §16 of the Rhode Island Constitution.

50. The State has taken Plaintiffs' money for these license renewals and has now taken away the right to use their licenses for the very purpose for which the licenses were issued, which disenfranchises Plaintiffs by preventing all practical use of their lobster license.

**WHEREFORE**, the Plaintiffs respectfully request that the Court enjoin and restrain each of the Defendants from implementing this regulatory scheme, and declare R.I.M.F.Reg 15-14.2.6 unconstitutional as violative of R.I. Const. Art. 1 § 16.

**COUNT IV**

**(VIOLATION OF R.I.G.L. § 20-7-9)**

51. Plaintiffs hereby incorporate by reference paragraphs one through fifty one (50) as though set forth here in full.

52. R.I.G.L. § 20-7-9, entitled "Report of lobsters taken" states as follows:

> For the purpose of determining whether the number of lobsters caught in the waters of this state are increasing or decreasing during any period, every person licensed pursuant to § 20-2-24 to catch, take, and/or sell lobsters in Rhode Island shall, upon request of the department of environmental management, report catch and effort statistics upon forms furnished by the department. The returns from any person shall not be made public, shall be kept only in the files of the department, ***and shall be used only for statistical purposes.*** (emphasis added)

53. However, R.I.M.F.Reg 15.14.2-6 (c) now provides that "[d]ocumented fishing performance shall be based upon a license/permit holder's logbook reports and for federal VTRs (vessel trip reports) pertaining to the applicable qualifying period..."

54. The logbooks are now being used to determine who among the commercial lobster license holders gets to fish for lobsters in 2007 in clear violation of R.I.G.L. 20-7-9, all to the detriment of Plaintiffs.

**WHEREFORE**, the Plaintiffs respectfully request that the Court enjoin and restrain each of the Defendants from implementing this regulatory scheme and declare that the defendants are in violation of R.I.G.L. 20-7-9.

**COUNT V**

**(THE DIRECTOR'S VIOLATION OF R.I.G.L. § 20-2.1-9)**

55. Plaintiffs hereby incorporate paragraphs one through fifty-four (54) as though set forth here in full.

56. In the year 2002, the Rhode Island Legislation passed an enabling statute outlining the power and the duties of the Director in adopting a commercial fisheries licensing system.

57. That pursuant to the enabling statute, the director was to:

> Establish prospective control dates that provide notice to the public that access to, and levels of participation in, a fishery may be restricted and that entrance into, or increases in levels of participation in a fishery after the control date may not be treated in the same way as participation in the fishery prior to the control date; ***retroactive control dates are prohibited and shall not be used or implemented***, unless expressly required by federal law, regulation or court decision; (emphasis added)

58. R.I.M.F.Reg 15.14.2-6 is in clear violation of R.IG.L. § 20-2.1-9 in that the control dates of 2001-2003 are retroactive and are being used to deny Plaintiffs use of their license and access to the fisheries.

**WHEREFORE**, the Plaintiffs respectfully request that the Court enjoin and restrain each of the Defendants from implementing this regulatory scheme, and declare that the defendants are in violation of R.I.G.L. 20-7-9.

**Count VI**

**(DEFENDANTS' VIOLATION OF R.I.G.L. § 42-35-3)**

59. Plaintiffs hereby incorporate paragraphs one through fifty-eight (58) as though set forth here in full.

60. R.IG.L. § 42-35-3 states:

> Prior to the adoption, amendment, or repeal or any rule the agency shall…demonstrate the need for the adoption, amendment, or repeal of any rule in the record of the rulemaking proceeding. The agency shall demonstrate that there is no alternative approach among the alternatives considered during the rulemaking proceeding which would be as effective and less burdensome to affected private persons as another regulation.

61. Based on information and reasonable belief, defendants failed to take into account any less burdensome alternative approaches to conservation and in failing to do so, have expressly violated R.I.G.L. § 42-35-3 and in doing so, have caused or will cause direct and irreparable harm to Plaintiffs.

**WHEREFORE**, the Plaintiffs respectfully request that the Court enjoin and restrain each of the Defendants from implementing this regulatory scheme, and declare that defendants have violated R.I.G.L. § 42-35-3.

**Count VII**

**(VIOLATION OF R.I.G.L. § 42-35-3.3)**

62. Plaintiffs hereby incorporate paragraphs one through sixty-one (61) as though set forth here in full.

63. R.IG.L. § 42-35-3 states that "Prior to the adoption of any proposed regulation each agency shall … consider utilizing regulatory methods that will accomplish the objectives of applicable laws while minimizing adverse impact on small business."

64. Plaintiffs' small businesses have been severely affected, disabled, disenfranchised and put out of business due to the limiting allocation of LTAs. The failure of the Director to consider other conversation methods that would have less of an adverse affect on small businesses is a violation of R.I.G.L. § 42-35-3.3

**WHEREFORE**, the Plaintiffs respectfully request that the Court enjoin and restrain each of the Defendants from implementing this regulatory scheme, and declare that defendants have violated R.I.G.L. § 42-35-3.3

**Count VIII**

**(DEFENDANT DIRECTOR HAS ACTED BEYOND THE SCOPE OF HIS LEGISLATIVE GRANT OF AUTHORITY)**

65. Plaintiffs hereby incorporate paragraphs one through sixty-four (64) as though set forth here in full.

66. R.I.G.L. § 20-2.1-9 entitled "Power and Duties of the Director," is the enabling statute which grants Defendant director authority to promulgate regulations for commercial fishing licenses.

67. That there is nothing within this enabling legislation which provides for the creation and/or transfer of rights of access to the public marine resource.

68. R.I.M.F.Reg 6.7-8(a), entitled "Issuance of New Licenses Upon Sale of Vessel and Gear," provides for the transfer and sale of commercial licenses as follows:

> that if the seller of a vessel and gear who is actively fishing his or her license shall have first surrendered it to the Department, ***the Department will, upon application, issue one new license to the purchaser of the vessel and gear, pursuant to the terms and conditions of this section.*** (emphasis added)

69. Moreover, R.I.M.F.Reg 15.14.2-11, entitled "Transfer of Area 2 LTAs," is proof of Defendant Director's intention to provide for transferability of Area 2 LTAs among permit holders.

70. That by allowing for the transfer, exchanges, and essentially the purchase of R.I. commercial fishing licenses and endorsements, the Defendant Director is creating private property right of access to the marine resource, allowing certain individuals with licenses to profit from the sale of rights of access to the public resource, and allowing certain individuals to determine who may have access to the public resource based on sale to the highest bidder.

71. That the Defendant Director has been granted no such power and if he had, it would clearly violate R.I. Const. Art. I § 17.

**WHEREFORE**, the Plaintiffs respectfully request that the Court enjoin and restrain each of the Defendants from implementing this regulatory scheme, and declare that defendant has acted beyond the scope pf his legislative grant of authority.

**WHEREFORE, YOUR PLAINTIFFS PRAY THAT THIS COURT GRANT THE FOLLOWING RELIEF AS TO ALL COUNTS:**

1. THAT THE COURT ISSUE A PRELIMINARY INJUNCTION ENJOINING AND RESTRAINING THE DEFENDANTS FROM IMPLEMENTING AND ENFORCING R.I.M.F.REG. 15.14.2-6 AND 6.7-8(a).
2. DECLARE THAT R.I.M.F.REG. 15.14.2-6 IS UNCONSTITUTIONAL UNDER R.I. CONST. ART. I §§ 2, 16, AND 17.
3. DECLARE THAT THE DEFENDANTS HAVE VIOLATED R.I.G.L. § 20-7-9 AND ISSUE AN ORDER THAT THE DEFENDANTS BE ENJOINED FROM USING THE LOG BOOKS IN A WAY WHICH HAS AND WILL CONTINUE TO PUT PLAINTIFFS OUT OF BUSINESS.
4. DECLARE THAT R.I.M.F.REG. 15.14.2-6(c) IS UNLAWFUL IN THAT IT VIOLATES R.I.G.L. § 20-7-9.
5. DECLARE THAT THE DEFENDANTS RETROACTIVE USE OF "CONTROL DATES" VIOLATE R.I. CONST. ART. I §§ 2, 16, AND 17, AND ORDER THAT THE REGULATION AND ALLOCATION BE RESCINDED FORTHWITH.
6. DECLARE THAT THE DEFENDANTS HAVE VIOLATED R.I.G.L. § 42-35-3.

7. DECLARE THAT THE DEFENDANTS HAVE VIOLATED R.I.G.L. § 42-35-3.3.

8. DECLARE THAT THE DEFENDANT DIRECTOR HAS EXCEEDED HIS AUTHORITY IN ALLOWING COMMERCIAL FISHING LICENSES TO BECOME PRIVATE PROPERTY WITH A SALE PRICE TO THE HIGHEST BIDDER ALL IN VIOLATION OF R.I.G.L. § 20-2-9 AND R.I. CONST. ART. I §17.

Respectfully Submitted,
Plaintiffs,
By their attorney,

Robert J. Caron, 5735
55 Bradford St, Ste 203
Providence, RI 02903
Phone (401) 621 – 8600
Fax (401) 274 – 2480