**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**RHODE ISLAND FISHERMEN'S**
**ALLIANCE, et al**

**V.** **C.A. # 07-**

**RHODE ISLAND DEPARTMENT**
**OF ENVIRONMENTAL MANAGEMENT,**
**and W. MICHAEL SULLIVAN, Ph.d., DIRECTOR**

**MEMORANDUM IN SUPPORT OF NOTICE OF REMOVAL**

Defendants Rhode Island Department of Environmental Management and Director W. Michael Sullivan respectfully submit this memorandum in support of their Notice of Removal, pursuant to 28 U.S.C. § 1446(a), with respect to the civil action recently filed by Plaintiffs in the Superior Court of Rhode Island. The Complaint was served upon Defendants on June 7, 2007.

The Plaintiffs in this action are an "an organization of commercial fishermen and others" appearing "by and through its president," and eight individual lobstermen.[1] Defendants are the Rhode Island Department of Environmental Management and its Director. Plaintiffs' Complaint seeks declaratory and injunctive relief barring the enforcement of certain Rhode Island regulations, R.I. Marine Fisheries Regulation 15.14.2-6 and 6.7-8(a) (2007), limiting lobster fishing effort in state waters in order to conserve the depleted lobster fishery. As Plaintiffs' complaint acknowledges, ¶¶ 15-17, those regulations were adopted pursuant to a Fishery

---

[1] Among the plaintiffs is Stephen Medeiros, who we believe to be the same person whose challenge to prior Rhode Island lobster regulations also adopted pursuant to an Atlantic Coast Marine Fisheries Commission fishery management plan, was dismissed by this Court in *Medeiros v. Sullivan*, 327 F. Supp. 2d 145 (D. R.I. 2004), aff'd, 431 F.3d 25 (1st Cir. 2005), cert. denied, 126 S.Ct. 2968 (2006). That action was initially brought in state court in Rhode Island, prior to being removed to this Court.

Management Plan issued by the Atlantic States Marine Fisheries Commission (ASMFC), an interstate compact entity of which Rhode Island is a member, in an effort to conserve the lobster fishery.

Removal of this action to this Court pursuant to 28 U.S.C. 1441(b) is proper because plaintiffs' Complaint challenges Rhode Island regulations adopted pursuant to the State's obligations under an interstate compact, the Atlantic States Marine Fisheries Compact. Resolution of the action requires the interpretation of the legal effect of the actions of an entity, the ASMFC, created and empowered by that compact and federal statutes. It is settled that actions of this kind present federal questions for review by federal courts. Removal is therefore proper under 28 U.S.C. 1441(b).

## BACKGROUND

*The ASMFC.* The ASMFC was created by interstate compact -- approved by Congress pursuant to Art. I, § 10, cl. 3, of the Constitution. Pub. L. 77-539 (1942), as amended by Pub. L. 81-721 (1950) – among the fifteen Atlantic coastal States and the District of Columbia for the purpose of "promot[ing] the better utilization of the fisheries, marine, shell and anadromous, of the Atlantic seaboard by the development of a joint program for the promotion and protection of such fisheries, and by the prevention of the physical waste of the fisheries from any cause." ASMFC Compact, Art. I. The Commission, composed of representatives of the member states, develops interstate fishery management plans through species-specific Management Boards (in this instance, its American Lobster Board), whose voting membership is comprised of a delegation from each State with an interest in that fishery. These plans are implemented by each State, typically by the adoption of regulations.

Rhode Island was an original member of the ASMFC compact and has remained part of the compact ever since. See also R.I. Pub. L. 1941, ch. 1021, § 1; R.I. Pub. L. 1949, ch. 2360, § 1; R.I. Gen. Laws §§ 20-8-1, 20-8-2. See also R.I. Gen. Laws § 20-8-3 (designating members of Rhode Island delegation to Commission). State law directs "[a]ll officers of the state of Rhode Island * * * to do all things falling within their respective provinces and jurisdiction necessary or incidental to the carrying out of the compact in every particular; it being declared to be the policy of the state of Rhode Island to perform and carry out the compact and accomplish its purposes." R.I. Gen Laws § 20-8-7.

In 1993, Congress enacted the Atlantic Coastal Fisheries Cooperative Management Act, Pub. L. 103-206, 16 U.S.C. §§ 5101-5108 ("ACFCMA"), to "support and encourage the development, implementation, and enforcement of effective interstate conservation and management" of "[c]oastal fishery resources that migrate, or are widely distributed, across the jurisdictional boundaries of two or more of the Atlantic States and of the federal Government[.]" Id. § 5101(a)(3), (b). See *Medeiros*, 431 F.3d at 27. ACFCMA calls upon the Commission to continue developing "coastal fishery management plans to provide for the conservation of coastal fishery resources," based upon the best available scientific information, in order to "promote the conservation of fish stocks throughout their ranges[.]"16 U.S.C. § 5104(a)(1), (2)(A). ACFCMA provides that if the Commission notifies the Secretary of Commerce that a member State has failed to implement an ASMFC plan and the Secretary determines that the State is in default and that the obligation is necessary for conservation of the fishery, 16 U.S.C. § 5106(a), the Secretary is to declare a moratorium on fishing for or landings of the particular species within the coastal waters of the non-complying state. 16 U.S.C. § 5106(c).

*Addendum VII.* As the Complaint acknowledges, the Rhode Island lobster fishing regulations in question were adopted by the defendants pursuant to Addendum VII to Amendment 3 of the AFSMC's American Lobster Management Plan. Complaint, ¶¶1, 2, 15. Indeed, Plaintiffs themselves allege that the Defendant RIDEM "essentially adopted the ASMFC's Addendum VII" when it promulgated the challenged regulations, relative to harvesting of lobsters. Id., ¶ 17-19. As part of a conservation plan to revive the depleted lobster fishery in area 2 (which includes Rhode Island waters), Addendum VII contemplates that affected member states will adopt limits on lobster fishing, by limiting the number of lobster tags based upon licensees' documented catch during the period 2001-2003.

*The Complaint.* Plaintiffs' complaint objects on state constitutional and statutory grounds to Rhode Island's adoption of these provisions of the ASMFC's plan. It recites eight Counts alleging that Rhode Island's regulations violate Plaintiffs' rights under Rhode Island law. As relief it seeks: (a) a declaration that such alleged rights have been violated and (b) injunctive relief restraining Defendants from "implementing and enforcing" the regulations limiting lobster fishing effort. Complaint, pp. 15-16.

## ARGUMENT

Removal is proper because Plaintiff's complaint raises a direct challenge to Rhode Island's actions pursuant to its obligations under the ASMFC compact. Although the Complaint purports to rely solely on state law, the case plainly raises a federal question supporting jurisdiction under 28 U.S.C. § 1331 and removal under 28 U.S.C. § 1441(b), which authorizes removal of "[a]ny civil action of which the district courts have original jurisdiction[.]"

The Supreme Court and lower federal courts have repeatedly held that the interpretation of an interstate compact, and the review of the actions of compact agencies, present federal

questions subject to final determination in federal court. See, *e.g.*, Cuyler v. Adams, 449 U.S. 433, 440 (1981) ("where Congress has authorized the States to enter into a cooperative agreement, and where the subject matter of that agreement is an appropriate subject of congressional legislation, the consent of Congress transforms the States' agreement into federal law under the Compact Clause"); *League to Save Lake Tahoe v. Tahoe Reg. Plan. Agency*, 507 F.2d 517, 527 (9th Cir. 1974) ( "... a case involving the construction of an interstate compact which requires a judicial determination of the nature and scope of obligations set forth therein 'arises' under the laws of the United States within the meaning of § 1331(a)." ). See also *New York v. Hill*, 528 U.S. 110, 111 (2000); *Texas v. New Mexico*, 482 U.S. 124, 128 (1987); *Petty v. Tennessee-Missouri Bridge Commission*, 359 U.S. 275, 279 (1959); *Washington Metro. Area Transit Auth. v. One Parcel of Land*, 706 F.2d 1312, 1318 (4th Cir. 1983) ("*WMATA*"). It has long been established as well that a compacting State lacks "unilateral" authority to overrule or disregard a decision of the compact agency on matters within its authority. See *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 42 (1994); *State ex rel. Dyer*, 341 U.S. at 28; *C.T. Hellmuth & Assocs. v. Wash. Metro. Area Transit Auth.*, 414 F. Supp 408, 409 (D. Md. 1976).

The reasons for resting final decisional authority in entities other than the individual member States derive from the essential status and function of interstate compacts. Interstate compacts entered into under Article I, Sec. 10 of the federal Constitution are *contracts*, (*Green v. Biddle*, 21 U.S. (8 Wheat.) 1, 92 (1823)), typically formed to pre-commit States to a mechanism for resolving difficult problems jointly affecting them. See *WMATA*, 706 F.2d at 1319 ("congressionally sanctioned interstate compacts implicate federal and interstate interests, in whose furtherance and protection federal remedial powers will be available and inconsistent State laws will be deemed unenforceable"). As the Supreme Court explained in *State ex rel.*

Dyer v. Sims, supra. "[i]t requires no elaborate argument to reject the suggestion that an agreement solemnly entered into between States by those who alone have political authority to speak for a State can be unilaterally nullified, or given final meaning by an organ of one of the contracting States. A State cannot be its own ultimate judge in a controversy with a sister State." 341 U.S. at 28.

Plaintiffs' Complaint in this case directly and openly attacks the actions of an ASMFC member state in implementing a fisheries management plan adopted by the Commission pursuant to the ASMFC Compact. The case will invariably require determinations of the legal effect of the ASMFC's Plan itself. Under the Compact, and from the federal ACFCMA, Rhode Island was obligated to implement fishery management plans promulgated by the member states acting through the Commission. As settled case law cited above demonstrates, there is a strong federal interest in ensuring that the actions of a compact agency are resolved in federal court, and that interest has consistently supported federal court jurisdiction.

Removal is particularly appropriate here given the express basis upon which Congress sanctioned the interstate compact creating the ASMFC. The ACFCMA, 16 U.S.C. § 5101(a)(3), provides the following as one of the findings and purposes of the ASMFC compact:

> Because no single governmental entity has exclusive management authority for Atlantic coastal fishery resources, harvesting of such resources is frequently subject to disparate, inconsistent, and intermitten State and Federal regulation that has been detrimental to the conservation and sustainable use of such resources and to the interests of fishermen and the Nation as a whole.

The harm to federal interests associated with the granting of the sort of relief requested by the Plaintiffs here was also noted in 16 U.S.C. § 5101(a)(5), which provides that:

> The failure of one or more Atlantic States to fully implement a coastal fishery management plan can affect the status of Atlantic coastal fisheries, and can discourage other states from fully implementing coastal fishery management plans.

Review of Plaintiffs' Complaint proves that Congress' concern set out in 16 U.S.C. § 5101(a)(5) is well founded in that a state court order enjoining the implementation of the subject regulations in Rhode Island may undermine ASMFC's management plan for the conservation of lobsters along the entire Atlantic seaboard, thereby adversely impacting the fishery.[2]

## CONCLUSION

For the foregoing, removal of this action from the Superior Court of Rhode Island to this Court is proper.

[2] Even if this case were not controlled by the settled precedent confirming federal jurisdiction challenging actions taken pursuant to interstate compact, Plaintiffs' avoidance of explicit reliance on federal law would still not defeat federal jurisdiction or removal here. As the Supreme Court has recently reaffirmed, federal jurisdiction will lie over cases involving state-law claims that nonetheless "implicate significant federal issues." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005). As the Court explained in that case, this "doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues[.]" *Id.* (citation omitted).

Respectfully submitted,

DEFENDANTS
R.I. DEPARTMENT OF ENVIRONMENTAL MANAGEMENT
and W. Michael Sullivan, Ph.d., Director
By its Attorneys,

Terence J. Tierney, Bar No. 2583
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2307
Fax: (401) 222-3016

Gary Powers, Bar No. 2321
Deputy Chief Legal Counsel
Office of Legal Services
R.I. Dept. of Environmental Management
235 Promenade Street
Providence, RI 02908

## CERTIFICATION

I, the undersigned, hereby certify that I mailed a true copy of this Notice of Removal by first class mail, postage pre-paid, on this 21st day of June, 2007 to:

**Robert Caron, Esquire**
55 Bradford Street, Suite 203
Providence, RI 02903

Colleen Cole