UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RHODE ISLAND FISHERMEN'S ALLIANCE, et al<br>Plaintiffs | : | |
| v. | : | C.A. # 07-230 |
| RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT, and W. MICHAEL SULLIVAN, Ph.d., DIRECTOR<br>Defendants | : | |

ANSWER

Now come the Rhode Island Department of Environmental Management ("DEM") and Director W. Michael Sullivan, Ph.d., and hereby answer Plaintiffs' Complaint as follows:

1. Denied.

2. Denied.

3. Defendants admit Plaintiff is a resident of Rhode Island. Defendants do not have adequate knowledge to either admit or deny the remainder of the allegations appearing in paragraph 3 of Plaintiffs' Complaint.

4. Defendants do not have adequate knowledge to either admit or deny the allegations appearing in paragraph 4 of Plaintiffs' Complaint.

5. Defendants admit Plaintiff is a resident of Rhode Island. Defendant denies that Plaintiff possesses a valid Rhode Island commercial lobster license.

Defendants do not have adequate knowledge to either admit or deny the remainder of allegations appearing in paragraph 5 of Plaintiffs' Complaint.

6. Defendants admit Plaintiff is a resident of Rhode Island. Defendants deny that Plaintiff possesses a valid Rhode Island commercial lobster license.

Defendants do not have adequate knowledge to either admit or deny the remainder of allegations appearing in paragraph 6 of Plaintiffs' Complaint.

7. Defendants admit Plaintiff is a resident of Rhode Island. Defendants admit Plaintiff possesses a valid Rhode Island multi-purpose fishing license. Defendants deny possession of multi-purpose fishing license necessarily permits Plaintiff to catch lobster commercially via lobster trap. Defendants do not have adequate knowledge to either admit or deny the remainder of allegations appearing in paragraph 7 of Plaintiffs' Complaint.

8. Defendants admit Plaintiff is a resident of Rhode Island. Defendants do not have adequate knowledge to either admit or deny the remainder of allegations appearing in paragraph 8 of Plaintiffs' Complaint.

9. Defendants admit Plaintiff is a resident of Rhode Island. Defendants admit Plaintiff possesses a valid Rhode Island multi-purpose fishing license. Defendants deny possession of multi-purpose fishing license necessarily permits Plaintiff to catch lobster commercially via lobster trap. Defendants do not have adequate knowledge to either admit or deny the remainder of allegations appearing in paragraph 9 of Plaintiffs' Complaint.

10. Defendants admit Plaintiff is a resident of Rhode Island. Defendants admit Plaintiff possesses a valid Rhode Island multi-purpose fishing license. Defendants deny possession of multi-purpose fishing license necessarily permits Plaintiff to catch lobster commercially via lobster trap. Defendants do not have adequate knowledge to either admit or deny the remainder of allegations appearing in paragraph 10 of Plaintiffs' Complaint.

11. Defendants admit Plaintiff is a resident of Rhode Island. Defendants admit Plaintiff possesses a valid Rhode Island multi-purpose fishing license. Defendants deny possession of multi-purpose fishing license necessarily permits Plaintiff to catch lobster commercially via lobster trap. Defendants do not have adequate knowledge to either admit or deny the remainder of allegations appearing in paragraph 11 of Plaintiffs' Complaint.

12. Defendants admit Plaintiff is a resident of Rhode Island. Defendants admit Plaintiff possesses a valid Rhode Island multi-purpose fishing license. Defendants deny possession of multi-purpose fishing license necessarily permits Plaintiff to catch lobster commercially via lobster trap. Defendants do not have adequate knowledge to either admit or deny the remainder of allegations appearing in paragraph 12 of Plaintiffs' Complaint.

13. Defendant DEM admits that it is a state agency statutorily charged with promulgating rules and regulations regulating the commercial harvest of seafood, including lobster. Defendants deny the remaining allegations contained within paragraph 13 of Plaintiffs' Complaint.

14. Admitted.

15. Admitted.

16. Denied.

17. Defendants admit that DEM adopted regulations implementing the requirements set forth in Atlantic States Marine Fisheries Commission ("ASMFC") Addendum VII to Amendment 3 of the ASMFC Management Plan for American Lobster. Defendants deny the remaining allegations contained within paragraph 17 of Plaintiffs' Complaint.

18. Defendants admit that on April 11, 2007 DEM adopted minor amendments to regulations which had originally been adopted on October 23, 2006 providing for Lobster Trap Allocations for Area 2.

19. Defendants admit that the regulations provide for lobster trap allocations. Defendants deny the remaining allegations contained within paragraph 19 of Plaintiffs' Complaint.

20. Paragraph 20 of Plaintiffs' Complaint sets forth a legal conclusion, as opposed to a factual allegation, for which no response is required. To the extent an Answer is deemed necessary, Defendants leave Plaintiffs to their proof.

21. Denied. An applicant's performance is gauged both upon logbook reports and vessel trip reports.

22. Paragraph 22 of Plaintiffs' Complaint sets forth a legal conclusion, as opposed to a factual allegation, for which no response is required. To the extent an Answer is deemed necessary, Defendants leave Plaintiffs to their proof.

23. Defendants do not have adequate knowledge to either admit or deny the allegations appearing in paragraph 23 of Plaintiffs' Complaint.

24. Defendants admit Plaintiff was issued a commercial fishing license lobster endorsement in the spring 2003. Defendants admit that if commercial fishing license lobster endorsement was issued in 2003, endorsee had ability to deploy traps in 2003 and whatever traps deployed in 2003 would determine 2007 lobster trap allocation.

25. Defendants admit Plaintiff was allocated 21 Lobster Trap Allocations on basis of transfer of entitlement pursuant to activity by his father, Robert Cavanagh. Defendants deny the remaining allegations contained within paragraph 25 of Plaintiffs' Complaint.

26. Defendants do not have adequate knowledge to either admit or deny the allegations appearing in paragraph 26 of Plaintiffs' Complaint.

27. Admitted.

28. Defendants admit Plaintiff was awarded no Lobster Trap Allocations. Defendants do not have adequate knowledge to either admit or deny the remainder of allegations appearing in paragraph 28 of Plaintiffs' Complaint.

29. Defendants admit Plaintiff possessed a valid commercial multi-purpose fishing license. Defendants admit Plaintiff was awarded no Lobster Trap Allocations. Defendants deny possession of multi-purpose fishing license necessarily permits Plaintiff to catch lobster commercially via lobster trap. Defendants do not have adequate knowledge to either admit or deny the remainder of allegations appearing in paragraph 29 of Plaintiffs' Complaint.

30. Defendants admit Plaintiff possessed a valid commercial multi-purpose fishing license during the period of 2001-2003. Defendants admit Plaintiff was awarded no Lobster Trap Allocations for the subject vessels. Defendants deny possession of multi-purpose fishing license necessarily permits Plaintiff to catch lobster commercially via lobster trap. Defendants do not have adequate knowledge to either admit or deny the remainder of allegations appearing in paragraph 30 of Plaintiffs' Complaint.

31. Defendants admit Plaintiff possessed a valid commercial multi-purpose fishing license. Defendants admit Plaintiff was awarded no Lobster Trap Allocations. Defendants deny possession of multi-purpose fishing license necessarily permits Plaintiff to catch lobster commercially via lobster trap. Defendants do not have adequate

knowledge to either admit or deny the remainder of allegations appearing in paragraph 31 of Plaintiffs' Complaint.

32. Defendants hereby incorporate by reference paragraphs one through thirty-one (31) as though set forth here in full.

33. Paragraph 33 of Plaintiffs' Complaint sets forth a legal conclusion, as opposed to a factual allegation, for which no response is required.

34. Defendants admit that the years 2001-2003 are used, along with other qualifications, with regard to licenses, and deny the remaining allegations in this paragraph.

35. Paragraph 35 of Plaintiffs' Complaint sets forth a legal conclusion, as opposed to a factual allegation, for which no response is required.

36. Paragraph 36 of Plaintiffs' Complaint sets forth a legal conclusion, as opposed to a factual allegation, for which no response is required.

37. Paragraph 37 of Plaintiffs' Complaint sets forth a legal conclusion, as opposed to a factual allegation, for which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

38. Defendants hereby incorporate by reference paragraphs one through thirty-seven (37) as though set forth here in full.

39. Paragraph 39 of Plaintiffs' Complaint sets forth a legal conclusion, as opposed to a factual allegation, for which no response is required.

40. Denied.

41. Paragraph 41 of Plaintiffs' Complaint sets forth a legal conclusion, as opposed to a factual allegation, for which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

42. This paragraph purports to characterize the contents of a law which speaks for itself, and which is the best evidence of its meaning. To the extent a response is deemed required, the defendants deny that the allegations are a complete and accurate enunciation of the entire relevant law on this matter.

43. Paragraph 43 of Plaintiffs' Complaint sets forth a legal conclusion, as opposed to a factual allegation, for which no response is required.

44. Denied.

45. Denied.

46. Defendants admit that the named Plaintiffs renewed their licenses in 2006, but lack sufficient information or knowledge to admit or deny the remaining allegations in this paragraph.

47. Denied.

48. Defendants hereby incorporate by reference paragraphs one through forty-seven (47) as though set forth here in full.

49. This paragraph purports to characterize the contents of a law which speaks for itself, and which is the best evidence of its meaning. To the extent a response is deemed required, the defendants deny that the allegations are a complete and accurate enunciation of the entire relevant law on this matter.

50. Denied.

51. Defendants hereby incorporate by reference paragraphs one through fifty (50) as though set forth here in full.

52. Paragraph 52 of Plaintiffs' Complaint sets forth a legal conclusion, as opposed to a factual allegation, for which no response is required.

53. Paragraph 53 of Plaintiffs' Complaint sets forth a legal conclusion, as opposed to a factual allegation, for which no response is required.

54. Paragraph 54 of Plaintiffs' Complaint sets forth a legal conclusion, as opposed to a factual allegation, for which no response is required.

55. Defendants hereby incorporate by reference paragraphs one through fifty-four (54) as though set forth here in full.

56. Paragraph 56 of Plaintiffs' Complaint sets forth a legal conclusion, as opposed to a factual allegation, for which no response is required.

57. This paragraph purports to characterize the contents of a law which speaks for itself, and which is the best evidence of its meaning. To the extent a response is deemed required, the defendants deny that the allegations are a complete and accurate enunciation of the entire relevant law on this matter.

58. Denied.

59. Defendants hereby incorporate by reference paragraphs one through fifty-eight (58) as though set forth here in full.

60. This paragraph purports to characterize the contents of a law which speaks for itself, and which is the best evidence of its meaning. To the extent a response is deemed required, the defendants deny that the allegations are a complete and accurate enunciation of the entire relevant law on this matter.

61. Denied.

62. Defendants hereby incorporate by reference paragraphs one through sixty-one (61) as though set forth here in full.

63. This paragraph purports to characterize the contents of a law which speaks for itself, and which is the best evidence of its meaning. To the extent a response is deemed required, the defendants deny that the allegations are a complete and accurate enunciation of the entire relevant law on this matter.

64. Paragraph 64 of Plaintiffs' Complaint sets forth a legal conclusion, as opposed to a factual allegation, for which no response is required.

65. Defendants hereby incorporate by reference paragraphs one through sixty-four (64) as though set forth here in full.

66. Paragraph 66 of Plaintiffs' Complaint sets forth a legal conclusion, as opposed to a factual allegation, for which no response is required.

67. This paragraph purports to characterize the contents of a law which speaks for itself, and which is the best evidence of its meaning. To the extent a response is deemed required, the defendants deny that the allegations are a complete and accurate enunciation of the entire relevant law on this matter.

68. Paragraph 68 of Plaintiffs' Complaint sets forth a legal conclusion, as opposed to a factual allegation, for which no response is required.

69. Paragraph 69 of Plaintiffs' Complaint sets forth a legal conclusion, as opposed to a factual allegation, for which no response is required.

70. This paragraph purports to characterize the contents of a law which speaks for itself, and which is the best evidence of its meaning. To the extent a response is deemed

required, the defendants deny that the allegations are a complete and accurate enunciation of the entire relevant law on this matter.

71. Paragraph 71 of Plaintiffs' Complaint sets forth a legal conclusion, as opposed to a factual allegation, for which no response is required.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which the requested relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to exhaust their administrative remedies, as required by law in order for the court to have jurisdiction over their claims for relief.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to join an indispensable party, the Atlantic States Marine Fisheries Commission.

## FOURTH AFFIRMATIVE DEFENSE

The matters complained of in Plaintiffs Complaint are subject to federal preemption.

Rhode Island Department of Environmental Management
and W. Michael Sullivan, Ph.D., Director
By their attorneys,

/s/ Terence J. Tierney
______________________________
Terence J. Tierney, Bar No.2583
Special Asst. Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext.2307
Fax: (401) 222-3016

/s/ Gary Powers
______________________________
Gary Powers Bar No.2321
Deputy Chief Legal Counsel
Office of Legal Services
R.I. Dept, of Environmental Management
235 Promenade Street
Providence, RI 02908
Tel: (401) 222-4700 ext 2308
Fax: (401) 222- 3378

CERTIFICATION

I the undersigned hereby certify that a true copy of the within Answer was served by electronic means (ECF) on this 25th day of June, 2007 to the following:

Robert Caron, Esquire
55 Bradford Street
Providence, Rhode Island 02903

/s/ Terence J. Tierney