UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **RHODE ISLAND FISHERMEN'S ALLIANCE, INC., by and through its President, RICHARD FUKA, STEVEN RILEY, individually, BRIAN LOFTES, individually, STEPHEN MEDERIOS, individually, GREG DUCKWORTH, individually, VINCENT CARVALHO, individually, PETER DIBIASE, ESQ., individually, ROBERT MORRIS, individually, and ANDREW CAVANAGH, individually,** ***Plaintiffs*** | : | |
| **v.** | : | **C.A. NO. 1:07 – cv -230** |
| **THE DEPARTMENT OF ENVIRONMENTAL MANAGEMENT And W. MICHAEL SULLIVAN, PH.D. In his capacity as the Director of the Rhode Island Department of Environmental Management** ***Defendants*** | : | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND AND IN OPPOSITION TO DEFENDANTS' NOTICE OF REMOVAL**

**FACTS AND TRAVEL**

Plaintiffs' Complaint alleges the following causes of action:

Count I (Violation of Rhode Island's Constitution, Article I § 17)

Count II (Violation of Rhode Island's Constitution, Article I § 2)

Count III (Violation of Rhode Island's Constitution, Article I § 16)

Count IV (Violation of R.I.G.L. § 20-7-9)

Count V (The Director's Violation of R.I.G.L. § 20-2.1-9)

Count VI (Defendants' Violation of R.I.G.L. § 42-35-3)

Count VII (Violation of R.I.G.L. § 42-35-3.3)

Count VIII (Defendant Director Has Acted Beyond the Scope of his [Rhode Island] Legislative Grant of Authority)

The complaint, filed on June 4, 2004, included a prayer for declaratory judgment and motion for preliminary injunction in Rhode Island Superior Court. The matter was scheduled for hearing before the Honorable Lamphear, J., on June 22, 2007, at 2:00 p.m.

By way of background, Rhode Island's Department of Environmental Management (DEM) developed regulations to implement a licensing regulatory scheme ostensibly in the name of conservation. DEM adopted regulations providing for Limited Lobster Trap Allocation (hereinafter LTA) for Area 2 waters based on individual licensees' lobster fishing landings during the period of time between the year 2001 and 2003.

Specifically, to qualify for Area 2 LTAs an individual who possessed a commercial lobster license must have had a valid Rhode Island license or federal permit to fish for lobster in Area 2 during the period of 2001-2003, i.e., must have landed lobsters with traps from Area 2 at some point during that period of time. See Rhode Island Marine Fisheries Regulations (R.I.M.F.Reg) Rule 15.14, 2-6 (a) (i) (ii). Further, the licensee must have "[r]enewed his/her license/permit annually since 2003." Id. at (a) (iii).

Plaintiffs, who are members of the Rhode Island Fishermen's Alliance, whose stated purpose is to support continual and common access to the marine fisheries; freely using and exercising the trade of fishing upon Rhode Island waters; and for the conservation and proper use of those food resources, hold valid Rhode Island lobster commercial fishing licenses. As a result of the suspect regulations, they have been

disenfranchised due to little or no landings during the retroactive control dates, namely the years 2001-2003. Although the Plaintiffs faithfully renewed their license by paying the requisite fees intending to fish for lobster in 2007, they were denied access tags solely due to, in many cases, not having fished for lobster during the retroactive control date set by DEM. In effect, those who fished for lobster with their licenses during those control date years are now being rewarded for having exercised effort on the resource.

## ARGUMENT

### I. PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT AND MOTION FOR PRELIMINARY INJUNCTION DOES NOT TRIGGER FEDERAL COURT JURISDICTION AND REMOVAL WAS THEREFORE IMPROPER.

#### *a. The Plaintiffs' Complaint and Motion are Based in State Law and State Constitutional Interpretation*

Plaintiffs' complaint for Declaratory Judgment and Motion for Preliminary Injunction is based entirely on questions of state law. Indeed, most counts raise challenges to certain regulations, promulgated by a Rhode Island State Agency (DEM), which Plaintiffs claim are repugnant to Rhode Island's Constitution. The remainder of Plaintiffs' complaint raises challenges to Rhode Island State law.

Defendant DEM, in conjunction with the State of Rhode Island, makes much of the fact that Plaintiffs mentioned, in the ***Facts and Travel portion of their complaint***, that DEM's promulgated regulations were based on recommendations made by the Atlantic States Marine Fisheries Commission, in Addendum VII to Amendment 3, of its American Fisheries Management Plan. This observation does not open the door to federal court for the State and its agency under well established principles of removal jurisprudence.

Providing the State Court with a fleeting mention of a federally sanctioned Fisheries Commission does not in any way allege claims "arising under" federal law, nor can it possibly amount to an allegation of fact supporting a federal cause of action. The reference was simply made by way of providing a historical background or travel of the case. "The mere mention of a federal statute in the course of setting forth state law claims does not confer federal jurisdiction." Camilla D. Martin v. Susan Lagualt, *et al.*, 315 F.Supp. 2d 811, 814 (E.D.Va. 2004), citing *In re* Bridgestone/Firestone Tire Products Liability Litigation, 203 F.Supp. 2d 1032, 1036 (S.D. Ind. 2002) (where the court found removal improper when defendants sought to remove plaintiff's claim for common law defamation but in the pleadings, had made reference to the Fair Debt Collection Practices Act.) The existence of federal question jurisdiction "***cannot be based on facts alleged in the complaint.***" Anieta Matthews v. Edmond Stewart, *et al.*, 207 F.Supp.2d 496, 798 (M.D.La. 2001)(emphasis added). In Matthews, the fact that the Plaintiff had "casually mentioned two federal laws [United States Civil Rights Act of 1991 and Fourteenth Amendment to the United States Constitution]" did not permit the court to assume subject matter jurisdiction over Plaintiff's claim. Id. at 498-499. A federal court is "not bound by the stray labels placed on plaintiff's claims." Id. at 498. In this case, Plaintiffs have not and do not challenge Rhode Island's "compact" with other Atlantic States.

## II. FEDERAL COURT JURISDICTION IS NOT SUBJECT TO THE WHIM OR CHOICE OF THE DEFENDANT; RATHER, JURISDICTION MUST BE CONFERRED UPON SOUND PRINCIPLES OF LAW

The United States Supreme Court has stated that for a case to be removable, the following must be implicated:

1. a right or immunity created by the Constitution or laws of the United States must be an essential element of the plaintiff's cause of action;

2. the right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another;
3. a genuine and present controversy, not merely a possible or conjectural one, must exist as to such right or immunity;
4. ***the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal; and***
5. the complaint must be confined to a statement of plaintiff's cause of action without anticipation of any probable defense. These principles have remained the law of removal since *Gully* and have only been elaborated upon in subsequent cases.

Ashley v. Southwestern Bell Telephone Company, *et al.*, 410 F.Supp. 1389, 1391 (W. D. Tex. 1976), citing Gully v. First National Bank of Meridian, 299 U.S. 109, 112-113, 57 S.Ct. 96, 97-98, 81 L.Ed. 70 (1936) (emphasis added).

There is simply no controversy disclosed upon the face of Plaintiffs' complaint, challenging the compact among the member states of the ASMFC, as the Defendants would have this Court believe. The Defendants' hint that their defense may be based in federal law is also "inadequate to confer jurisdiction on this Court." See *In Re* Pharmaceutical Industry Average Wholesale Price Litigation, 457 F.Supp. 2d 65, 70 (D. Mass. 2006), citing Merrell Dow Pharmaceutical Inc. v. Thompson, 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).[1]

***a. The Defendants' Reference to Plaintiff Steven Medeiros v. Sullivan et al., is Misplaced and has been Merely Inserted in an Effort to Suggest Some Precedential Value in Support of their Removal Position***

[1] In Defendants' memorandum in Support of their Notice of Removal, Defendants seem to anticipate some perceived threat of a moratorium on Rhode Island's Lobster fishery being imposed if Rhode Island was not to come into compliance with the ASMFC's Fisheries Management Plan. First, this is rank speculation on the part of the Defendants. Under Amendment 3 to the Interstate Fishery Management Plan for American Lobster, the Plan states that "nothing in this section precludes any state or area from promulgating different regulations as long as it can be shown to the Board's satisfaction that alternate regulations provide for equivalent conservation of the lobster resource." The question in Plaintiffs' complaint is whether those regulations adopted by DEM are repugnant to Rhode Island's Constitution. Should a state court decide in the affirmative, an alternative regulatory plan would need to be submitted on behalf of the state.

Defendants point out that one of the Plaintiffs is Steven Mederios, who has previously challenged, an entirely different Rhode Island lobster regulation dealing with catch by way of trawl. However, in Mederios v. Sullivan, 327 F.Supp. 2d 145 (D. R.I. 2004), Medeiros challenged the constitutionality of certain regulations based on the Tenth Amendment and the Equal Protection Clauses of the United States Constitution. The gravamen of Medeiros' claim was one of unconstitutional commandeering under the Tenth Amendment. The Court held that Mr. Medeiros did not have standing as a private citizen to raise a challenge to the Tenth Amendment without the State or its officers. Id. at 154. The Medeiros case is used here by the state as a red herring. Plaintiffs' complaint does not make any challenge under federal law or the federal constitution as did Medeiros.

***b.Plaintiffs' Complaint is the Road Map to Proper Jurisdiction, Consistent with Congress' Intention to Respect the Rightful Independence of State Sovereigns***

The case at hand is based entirely in State law and the relief sought is available under State law. See, e.g., The Declaratory Judgment Act, R.I.G.L. § 9-30-1 *et. seq.,*. and R.I.R. Civ. P., Rule 65. This Court's inquiry is to ask "whether a plaintiff's claim to relief rests upon a federal right and the court is to look to plaintiff's complaint to find the answer." Miguel Hernandez-Agosto v. Carlos Romero-Barcelo 748 F.2d 1, 2-3 (1st Cir. 1984), citing Gully v. First National Bank, 299 U.S. 109, 112, 81 L.Ed. 70, 57 S.Ct. 96 (1936).

A review of Plaintiffs' claims in this case shows that their claims do not rest upon federal rights. Thus, "[i]f a Plaintiff has a state claim and he also can properly plead a federal claim in his complaint, then the plaintiff has a choice between the federal forum and state forum…If the Plaintiff sues in the state court and does not present a federal

question in his complaint well pleaded, the defendant cannot normally remove the action as a suit "arising under."" Chronologic Simulation, Inc, *et al.* v. Sanguinetti, 892 F.Supp. 318, 319 (D. Mass 1995), quoting 1A J. Moore, Federal Practice, P 0.160 at 231. It is for this reason that "plaintiff is still the master of his own complaint as to what law he will rely upon, and absent fraudulent concealment of a federal claim, he has the right to choose by the allegations of his complaint the removability of his case." Ashley v. Southwestern Bell Tel. Co. *et al.*, 410 F.Supp. 1389, 1392 (W.D. Tex. 1976), citing The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716 (1912), and Crow v. Wyoming Timber Products Co., 424 F.2d 93, 95 (10th Cir. 1970).

***c. This Court Should Allow Removal of State Claims Only Under the Most Narrowly Tailored Interpretation of 28 U.S.C. § 1441 et. seq.***

"Removal statutes should be given strict construction, because the congressional policy is to limit removal out of regard for the rightful independence of state governments." Id., citing La Chemise Lacoste v. Alligator Co., Inc., 506 F.2d 339 (3rd Cir. 1974) cert. den. 421 U.S. 937, 95 S. Ct. 1666, 44 L.Ed. 2d 94 (1975). A federal court "should resolve any doubt in favor of remand, as the removal statute is to be narrowly interpreted." Freitas v. First N.H. Mortg. Corp., 1998 U.S. Dist. LEXIS 15698, 15-16 (D. R.I. 1998), citing Wilbert v. Unum Life Ins. Co., 981 F. Supp. 61, 62-63 (D. R.I. 1997). See also Asociacion de Detallistas de Gasolina de Puerto Rico, Inc. v. Shell Chemical Yabucoa Inc., *et al.*, 380 F.Supp.2d 40, 43 (D. P.R. 2005) (removal statutes are strictly construed against removal). Furthermore, "[w]hen plaintiff and defendant clash about jurisdiction, uncertainties are construed in favor of remand." Id.

Moreover, Defendants claim that a federal question is involved because "the Atlantic States Marine Fisheries Compact Resolution of the action will require

interpretation of the legal effect of the actions of an entity, the ASMFC." State's Memorandum of Law in Support of Removal at 2 (hereinafter "D. Memo"). Even if this were true, it would not confer jurisdiction on this Court. Defendant's Memo is not only incorrect, it embraces speculative conclusions that have been neither suggested nor pleaded in Plaintiffs' complaint. It is not sufficient that the resolution of a claim requires interpretation of federal law. More must be present on the face of Plaintiffs' complaint than a mere reference to federal law that may at some point require interpretation. Such a construction would be expanding the jurisdiction of the federal courts beyond the "arising under" limited jurisdiction granted by the Constitution. Furthermore, Defendants characterization of the issue is misleading at best. Plaintiffs in no way are challenging the "compact" between the signatory Atlantic states. The fact that Rhode Island is a member of this compact is irrelevant, because the regulations challenged were promulgated by a Rhode Island state agency and they were not mandated by the ASMFC.

Looking at Plaintiffs' complaint in the present case, it is abundantly clear that there is no federal question. Furthermore, Plaintiffs' mere mention of ASMFC did not raise a federal question; rather it simply provided the court with a historical background of the case.

## III. THE STATE'S ATTEMPT TO INVOKE A RECENT SUPREME COURT DECISION ON FEDERAL COURT SUBJECT MATTER JURISDICTION IS CLEARLY DISTINGUISHABLE TO THIS CASE IN CONTROVERSY

The State's reliance on Grable &Sons Metal Products, Inc v. Darue Engineering & Manufacturing, 545 U.S. 308 (2005), in this case is a stretch beyond what that case stands for. Grable & Sons involved a question which was undeniably federal in nature. The Internal Revenue Service had seized certain real estate owned by Grable & Sons in

order to satisfy a tax delinquency. Id. at 2366. Although there was no dispute that Grable & Sons had received "actual notice" of the seizure, it later attempted to dispute the service of process, ***five years later,*** in state court, in a quiet title action, claiming that the means for service of process was improper pursuant to a federal statute, 28 U.S.C. § 6335. As the Court noted, Grable & Sons had premised its superior title claims on a failure by the IRS to give it adequate notice, ***as defined by federal law***. Id. at 2368 (emphasis added). Therefore, the "meaning of the statute" was "actually in dispute" and appeared to be "the only legal or factual issue contested in the case." Id.

In deciding the meaning of notice as defined by federal law in Grable & Sons, the Supreme Court developed a three part test to determine when a federal question jurisdiction may be proper, even when the plaintiff's complaint only asserts state law claims. The inquiry is as follows: "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id. at 314. In the present case, the first two parts of the Grable test are clearly answered in the negative, contrary to the State's position. Plaintiffs do not challenge the legality or any provision of the "compact" among the Atlantic States. The state law claims raised by Plaintiffs simply do not raise a federal issue. Furthermore, even if Plaintiffs' state law claims did raise a federal issue, there is nothing which could be deemed to actually dispute a substantial federal issue. As stated earlier, Plaintiffs do not dispute Rhode Island's membership in the compact, nor do they dispute the regulations that the ASMFC recommends. What is disputed, is whether Rhode Island,

acting alone as a sovereign in adopting its own regulations, did so within the confines of Rhode Island's Constitution and statutory framework.

## CONCLUSION

Plaintiffs' complaint did not raise a federal question, nor did it raise a significant issue of federal law; therefore removal was improper and this case should be remanded to Rhode Island Superior Court. Plaintiffs request that this Honorable Court schedule the Motion to Remand for hearing at the Court's earliest convenience, as irreparable harm is long underway, and immediate relief has been and continues to be sought by many individuals who are unable to fish for lobster with their valid and well documented Rhode Island licenses.

Respectfully submitted,
Plaintiffs,
By their attorney,

/S/ Robert J. Caron

Robert J. Caron, Esq. 5735
55 Bradford Street, Ste 203
Providence, RI 02903
Phone: (401) 621-8600
Fax (401) 274-2480
rcaron@caronolenlaw.necoxmail.com

## CERTIFICATION

I hereby certify that this document has been filed electronically on 27th day of June, 2007, and is available for viewing and downloading form the ECF system.

/S/ Robert J. Caron

Robert J. Caron, Esq. 5735
55 Bradford Street, Ste 203
Providence, RI 02903
Phone: (401) 621-8600
Fax (401) 274-2480
rcaron@caronolenlaw.necoxmail.com