**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**RHODE ISLAND FISHERMEN'S**
**ALLIANCE, et al**
**Plaintiffs**
**V.** **C.A. No. 07-230**

**RHODE ISLAND DEPARTMENT**
**OF ENVIRONMENTAL MANAGEMENT**
**and W. MICHAEL SULLIVAN, Ph.D., DIRECTOR**
**Defendants**

**MOTION TO JOIN A NECESSARY OR INDISPENSABLE PARTY OR TO DISMISS THE ACTION PURSUANT TO RULE 12(b)(7)**

Now come the defendants, Rhode Island Department of Environmental Management and Director W. Michael Sullivan, Ph. D., pursuant to Rule 19(a)(1) of the Federal Rules of Civil Procedure and hereby move that this Honorable Court enter an order joining the Atlantic States Marine Fisheries Council (the "ASMFC") as a Defendant in the subject action because in ASMFC's absence complete relief cannot be accorded among those already parties to this matter and because Plaintiffs' Complaint threatens to impair or impede the interests of the ASMFC. In support thereof, the Defendants respectfully refer the Court to their accompanying memorandum, and the copy of the Complaint in Rhode Island Fishermen's Alliance, Inc., et al., vs. Rhode Island Department of Environmental Management, et al., which was originally filed in the trial court of the State of Rhode Island and subsequently removed to this Honorable Court.

Wherefore, on the basis of the above, the Defendants pray that this Honorable Court grant the subject motion.

Respectfully submitted,

DEFENDANTS
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Terence J. Tierney
Terence J. Tierney, Bar No. 2583
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2307
Fax: (401) 222-3016

/s/ Gary Powers
Gary Powers, Bar No. 2321
Deputy Chief Legal Counsel
Office of Legal Services
R.I. Dept. of Environmental Management
235 Promenade Street
Providence, RI 02908
Tel: (401) 222-4700 ext 2308
Fax: (401) 222-3378

## CERTIFICATION

I, the undersigned, hereby certify that this Motion To Join A Necessary Or Indispensable Party was served by electronic means (ECF) on this 29th day of June, 2007 to the following:

**Robert Caron, Esquire**
55 Bradford Street, Suite 203
Providence, RI 02903
RCaron@caronolenlaw.necoxmail.com

/s/ Terence J. Tierney

**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**RHODE ISLAND FISHERMEN'S**
**ALLIANCE, et al**
**Plaintiffs**
**V.** **C.A. No. 07-230**

**RHODE ISLAND DEPARTMENT**
**OF ENVIRONMENTAL MANAGEMENT**
**and W. MICHAEL SULLIVAN, Ph.D., DIRECTOR**
**Defendants**

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**MOTION TO JOIN A NECESSARY OR INDISPENSABLE PARTY UNDER RULE OR**
**TO DISMISS THE ACTION PURSUANT TO RULE 12(b)(7)**

The Defendants Rhode Island Department of Environmental Management and Director W. Michael Sullivan, Ph. D. submit the instant memorandum in support of the accompanying Motion to Join the Atlantic States Marine Fisheries Council (the "ASMFC") as a necessary or indispensable party pursuant to Rule 19(a) of the Federal Rules of Civil Procedure or to dismiss the action for failure to join an indispensable party pursuant to Rule 12(b)(7). Defendants respectfully submit that in the absence of the ASMFC complete relief cannot be accorded among those already parties to this matter and that Plaintiffs' claims affect the interests of the ASMFC, which promulgated the fishery management plan that is the basis for the Rhode Island regulations Plaintiffs seek to invalidate in this lawsuit.

**Introduction**

The subject action seeks declaratory and injunctive relief relative to a State regulation governing fisheries management entitled Rhode Island Marine Fisheries Council Regulation 15.14.2 ("RIMFC"). RIMFC 15.14.2 attempts to reduce the number of lobster traps deployed in Lobster Management Area 2.

As noted in Paragraphs 15-17 of Plaintiffs' Complaint, RIMFC Reg. 15.14.2 was promulgated in order to bring the State into compliance with Addendum VII to Amendment 3 to the ASMFC's Interstate Fishery Management Plan For American Lobster ("Addendum VII") which was adopted by the ASMFC in an effort to restore the lobster population in Lobster Management 2 in which the species had been determined to over-fished. Lobster Management 2 is an area encompasses the coastal waters bordering the southern portion of the Commonwealth of Massachusetts, the entirety of Rhode Island's coastal waters, and extending forty (40) miles from these waters into the federal zone.

The ASMFC is an interstate compact of the coastal states from Maine to Florida created to address fisheries management issues. The State of Rhode Island entered into the ASMFC pursuant to R.I. General Laws Chapter 20-8. The compact was sanctioned by the United States Congress pursuant to 16 U.S.C. §§5101 *et seq*. as provided in Art. 1, §10 cl. 3 of the United States Constitution. As explained by our Memorandum in Support of Notice of Removal, at pp. 3, 6-7, in the Atlantic Coastal Fisheries Cooperative Management Act, 16 U.S.C. § 5101 et seq., Congress both encouraged the adoption of fishery management plans adopted by the ASMFC member states through the Commission; noted the adverse impact of a state's failure to implement a plan on other coastal states, and provided for a federal moratorium where the state has failed to implement the ASMFC plan necessary for conservation of the fishery.

In November 2005, the ASMFC adopted Addendum VII. The RIMFC Reg. 15.14.2 was promulgated to bring the state into compliance with the Addendum VII in October 23, 2006. The State subsequently amended the initially adopted RIMFC Reg. 15.14.2 on April 11, 2007.

**Legal Argument**

28 U.S.C. § 1441(b) provides in part that:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United

> States, shall be removable without regard to the citizenship of residence of the parties.

As is more fully articulated in Defendants' Memorandum in Support of Notice of Removal, the issue raised in Plaintiffs' Complaint does not merely concern State regulation RIMFC Reg. 15.14.1. Rather, the subject action necessarily turns on interpretation of the fisheries management plan adopted by the ASMFC, a federally sanctioned interstate compact entity. Thus, a federal question is presented for as stated by the Supreme Court in Cuyler v. Adams, 449 U.S. 433, 440 (1981), "where Congress has authorized the States to enter into a cooperative agreement, and where the subject matter of that agreement is an appropriate subject to congressional legislation, the consent of Congress transforms the States' agreement into federal law under the Compact Clause." By consenting to a compact, Congress transforms the agreement of the parties into the body of federal law. California Tahoe Regional Planning Agency v. Jennings, 594 F.2d 187, 190 (9th Cir. 1979). The interpretation and implementation of action adopted by the ASMFC compact raises a federal question.

Plaintiffs' effort to block enforcement of Rhode Island's implementation of Addendum VII – although couched as a state-law matter alone – in fact directly implicates Congress' concern about the impact of nonimplementation of an ASMFC plan on other coastal states, 16 U.S.C. §5101(a)(5). A court order enjoining the implementation of the subject regulation in Rhode Island may impact ASMFC's management plan for the conservation of lobsters along the Atlantic seaboard, thereby adversely affecting both the integrity of the ASMFC resource conservation regime and harming the already stressed lobster fishery.

Plaintiffs' Complaint acknowledges (¶¶ 15-17) that the state regulations they challenge were adopted to comply with Addendum VII, a plan promulgated by a congressionally-approved interstate compact entity. Yet, presumably in an effort to avoid the federal jurisdiction that comes with challenges to the actions of compact entities, they did not join the ASMFC as a co-

defendant in the case at bar. Joinder is warranted under Rule 19, however, because this case necessarily turns on the interpretation and effect of the ASMFC plan, and because the remedy plaintiffs' request will directly affect both the ASMFC itself and the relationship between its member States. Not only is complete relief not available to the parties absent joinder of the ASMFC, but an injunction issued exclusively against the enforcement of RIMFC Reg. 15.14.2 might serve to harm the entire interstate lobster fishery sought to be protected by Addendum VII, and could lead to a federal moratorium on the landing of ***any*** lobsters in Rhode Island. Such an injunction, moreover, would surely frustrate the effectiveness of Addendum VII, the interstate lobster management plan that Rhode Island implemented by enactment of the challenged regulations. As such, the ASMFC should be added as an defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure because in ASMFC's complete relief cannot be accorded among those already parties, and because Plaintiffs' challenge affects the interests of the ASMFC because it necessarily requires interpretation of an ASFMC fishery management plan and determination of the legal incidents of the ASMFC's relationship with its member states. See *National Union Fire Insurance Co. of Pittsburgh v. Rite Aid of South Carolina, Inc.*, 210 F.3d 246, 250-51 (4th Cir. 2000) (under Rule 19, courts should "hesitate to conclude * * * that a litigant can serve as a proxy for an absent party unless the interests of the two are identical"). The relief Plaintiffs seek – invalidation of the state's implementation of Addendum VII – would "impair or impede," both "as a practical matter" and as a legal matter, the interests of the compact agency that promulgated that plan. See Rule 19(a)(2)(i).

**Conclusion**

On the basis of the above, the Defendants pray that the Court grant the Defendants' motion that this Honorable Court order Plaintiffs to join the ASMFC as a necessary or

indispensable party in the case at bar and, if Plaintiffs decline to do so, that it dismiss the suit pursuant to Rule 12(b)(7).

Respectfully submitted,

DEFENDANTS
By their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

/s/ Terence J. Tierney
Terence J. Tierney, Bar No. 2583
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2307
Fax: (401) 222-3016

/s/ Gary Powers
Gary Powers, Bar No. 2321
Deputy Chief Legal Counsel
Office of Legal Services
R.I. Dept. of Environmental Management
235 Promenade Street
Providence, RI 02908
Tel: (401) 222-4700 ext 2308
Fax: (401) 222-3378

**CERTIFICATION**

I, the undersigned, hereby certify this Memorandum In Support of Defendants' Motion to Join a Necessary or Indispensable Party was served by electronic means (ECF) on this 29th day of June, 2007 to the following:

**Robert Caron, Esquire**
55 Bradford Street, Suite 203
Providence, RI 02903
RCaron@caronolenlaw.necoxmail.com

/s/ Terence J. Tierney