UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **RHODE ISLAND FISHERMEN'S ALLIANCE, INC., by and through its President, RICHARD FUKA, STEVEN RILEY, individually, BRIAN LOFTES, individually, STEPHEN MEDERIOS, individually, GREG DUCKWORTH, individually, VINCENT CARVALHO, individually, PETER DIBIASE, ESQ., individually, ROBERT MORRIS, individually, and ANDREW CAVANAGH, individually,** ***Plaintiffs*** | : | |
| **v.** | : | **C.A. NO. 1:07 – cv -230** |
| **THE DEPARTMENT OF ENVIRONMENTAL MANAGEMENT And W. MICHAEL SULLIVAN, PH.D. In his capacity as the Director of the Rhode Island Department of Environmental Management** ***Defendants*** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' OBJECTION TO "DEFENDANTS MOTION TO JOIN A NECESSARY OR INDISPENSIBLE PARTY OR TO DISMISS THE ACTION PURSUANT TO RULE 12(b)(7)"**

The Defendants have filed a Motion seeking to join the ASMFC as a necessary or indispensable party, or in the alternative to dismiss Plaintiffs' complaint. Plaintiffs hereby submit this Memorandum in objection to Defendants' motion.

## ARGUMENT

### THE ASMFC IS NOT A NECESSARY OR INDISPENSABLE PARTY TO THIS LITIGATION

Plaintiffs' complaint states as follows in paragraph seventeen (17): "DEM developed regulations to implement its own regulatory scheme, which essentially

adopted the ASMFC's Addendum VII." See Plaintiffs' Complaint For Declaratory Judgment; And Motion For Preliminary Injunction p. 4, (hereinafter "complaint").[1]

DEM had options when promulgating its ***own*** regulatory scheme. The issue in controversy is whether DEM's ***choice*** to adopt the regulations promulgated by the ASMFC was permissible under Rhode Island's Constitution. It is the Plaintiffs' contention that it was not.

***The Inquiry Pursuant to Rule 19(a)(1) Is Not Whether The Case Will Require an Interpretation of the ASMFC Plan***

Defendants state in their Joinder Memo that Joinder is warranted under Rule 19 "because this case necessarily turns on the interpretation and effect of the ASMFC plan…" Joinder Memo, at p. 4. This premise is first inaccurate because Plaintiffs have not challenged the ASMFC plan; rather, they have challenged the regulation which DEM has chosen to adopt. The fact that DEM's choice of regulations mirrors Addendum VII is not relevant to the cause of action or to the issue of joinder. In any event, interpretation of a statute, regulation or compact is not the proper inquiry under Rule 19(a)(1).

Rule 19(a)(1) states in relevant part:

> A Person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be awarded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons

---

[1] First, it is important for the record to be straight on just what was said regarding the ASMFC in Plaintiffs' complaint by way of factual background. The Defendants have suggested in their memorandum of law in support of their motion to join, that Plaintiffs "noted," in their complaint, that "RIMFC Reg. 15.14.2 was promulgated in order to bring the state into compliance with Addendum VII to Amendment 3..." See Defendants Memorandum in Support of their Motion to Join a Necessary or Indispensable Party, p. 2, (hereinafter Joinder Memo). Moreover, the Defendants have stated that the Plaintiffs' complaint "acknowledges" (¶¶15-17) that the state regulations they challenge were adopted to comply with Addendum VII…" Id. at 3. Both of these statements are inaccurate and are meant to buttress the Defendants' speculative claim about a moratorium threat.

> already parties subject to a substantial risk of incurring inconsistent obligations by reason of his claimed interest.

Fed R.Civ.P 19 (a)(1).

"Generally, unless there is an overriding policy reason, the Court should respect a plaintiffs' choice of defendants." Ashley Bitsilly, et. al. v. Bureau of Indian Affairs, 253 F.Supp. 2d 1257, 1271 (D.N.M.2003), citing 4 Moore's Federal Practice, § 19.02[1] (3d ed. 2002). The rule essentially sets out a two part approach to determine if joinder is proper.

***Complete Relief To The Parties Already Named In This Suit Is Available In the Absence Of The ASMFC***

When faced with a Motion to Join, this Court's first inquiry should be whether complete relief can be granted to those already parties to the action in the absence of the party sought to be joined. "The term 'complete relief' refers to relief as between ***the parties already parties and not as between the parties and the absent party whose joinder is sought***." Patricia Sue Jones v. Donald L. Blinziner, 536 F.Supp. 1181, 1194 (N.D. Ind. 1973), citing Dyke v. Gulf Oil Corp., 601 F.2d 557 (Temporary Emergency Ct. Ap. 1979) (emphasis added).

Plaintiffs and Defendants are able to achieve complete relief in this case by pursuing a determination of whether DEM's actions, not the ASMFC's plan, were adopted and promulgated in a manner not repugnant to Rhode Island's Constitution. The Plaintiffs are challenging DEM's adopted regulations; they do not challenge the interstate compact, or the ASMFC's Fishery Management Plan, or its proposed regulations. It follows that the answer to this Court's first inquiry is in the negative, as the Defendants have failed to satisfy this requirement under Rule 19(a).

***There Is No Impairment To The ASMFC's Perceived Interest In This Action***

"The second part of Rule 19(a)(1) requires that an absent party be joined if the absentee claims an interest in the subject matter of the action and disposition of the case in his absence may prejudice his interest or subject the existing parties to the substantial risk of multiple litigation." Id.

Here, the Defendants fail completely to articulate how a disposition of this case, in the absence of the ASMFC, would prejudice its interest. Defendants' argument under this prong remains that the ASMFC is necessary because Plaintiffs' challenge requires interpretation of the ASMFC's Plan. See Joinder Memo, p. 4. As stated earlier, this is a false premise to begin with. Plaintiffs' complaint is silent as to any "challenge" to the ASFMC's plan. They challenge DEM's choice to adopt the "proposed" plan in light of Rhode Island's Constitution, Article I § 17, and the King Charles II Charter which it adopts and incorporates by reference.

Indeed, the interest which the Defendants do allude to involves a speculative claim that Rhode Island's lobster fishery could face a federally imposed moratorium on its fishery for not complying with Addendum VII. This interest, whether real or perceived, is clearly an interest which the state of Rhode Island has, not the ASMFC. Rhode Island is quite ably represented by counsel for DEM and for the State of Rhode Island, by and through its Attorney General.

Further, Rule 19(a)(2) requires more than a claimed interest. "It also requires that in the party's absence, the ability to protect that interest must be impaired or impeded, or the party's absence must leave those already named parties to the action to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the

claimed interest." David E. Sykes v. Charles Hengel, et al., 220 F.R.D. 593, 596 (S.D. Iowa 2004). Here, the Defendants have not even suggested that they would be unable to protect any perceived interest which the ASMFC may have.

> In determining whether an absent party is adequately represented by an existing party, we consider whether 'the interests of a present party to the suit are such that it will undoubtedly make all' of the absent party's arguments; whether the party is 'capable of and willing to make such arguments;' and whether the absent party would 'offer any necessary element to the proceedings' that the present parties would neglect.

Id, quoting Washington v. Daley, 173 F.3d 1158, 1167 (9th Cir. 1999) (quoting Shermoen v. United States, 982 F.2d 1312, 1317 (9th Cir. 1992)).

If the ASMFC has any interest in this litigation at all (Plaintiffs insist it does not), any such interest is fully represented through the DEM and the State of Rhode Island. The Defendants have repeatedly made arguments on behalf of the ASMFC throughout this litigation, but despite doing so, have entirely neglected to articulate what "necessary element to the proceedings" that the ASMFC would offer.

Therefore, even if the ASMFC does have an interest in this litigation, they are hardly indispensable because the Defendants can, and apparently will continue to represent whatever that interest may be. In fact, contrary to offering any argument on the merits of Plaintiffs' State Constitutional claims, the Defendants have done nothing but attempt to defend, represent, and align themselves with the ASMFC, as though it were a state body, agent, commission, or office holder within the State of Rhode Island.

***Adjudication Of This Litigation Will Not Leave Any Of The Parties Already Named In The Suit Subject To A Substantial Risk Of Incurring Inconsistent Obligations***

There is no risk of the parties to this case incurring inconsistent obligations by reason of the claimed interest. See Fed. R.Civ.P. 19(a)(2)(ii). "Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another

court's order concerning the same incident." Sykes, supra, at 597, quoting Delgado v. Plaza Las Americas, Inc., 139 F.3d 1, 3 (1st Cir. 1998) (citations omitted in original) (citing Michael v. Haralson, 586 F.Supp 169, 171 (E.D. Pa. 1983); 4 James Wm. Moore et al., Moore's Fed. Prac. P 19.03 (3d ed. 1997)).

A risk of inconsistent obligations to those already parties to the litigation is non-existent. There is but one obligation to be determined, be it in state court or in federal court. Of course the Plaintiffs maintain that those obligations should be decided by a state court given the fact that only State Constitutional Law and statutes are at issue. This is not a situation where litigation is somehow bifurcated between two forums, creating the potential of providing different outcomes. Once the proper forum is determined in consideration of Plaintiffs' Motion to Remand, there will be one adjudication on the merits. Furthermore, there has been no previous judgments issued by this Court or any other court that would give rise to inconsistent obligations.

## CONCLUSION

For all of the foregoing reasons, this Court should deny and dismiss the Defendants Motion to Join a Necessary or Indispensable Party. This Court should further deny Defendants' prayer to Dismiss the complaint, as a finding of no necessity or indispensability would render Defendants Rule 12(b)(7) prayer moot.

## CERTIFICATION

I hereby certify that this document has been filed electronically on 13th day of July, 2007, and is available for viewing and downloading from the ECF system.

/S/ Robert J. Caron
Robert J. Caron, Esq. 5735
55 Bradford Street, Ste 203
Providence, RI 02903
Phone: (401) 621-8600
Fax (401) 274-2480

rcaron@caronolenlaw.necoxmail.com