**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**RHODE ISLAND FISHERMEN'S**
**ALLIANCE, et al**
**Plaintiffs**
**V.** **C.A. No. 07-230**

**RHODE ISLAND DEPARTMENT**
**OF ENVIRONMENTAL MANAGEMENT**
**and W. MICHAEL SULLIVAN, Ph.D., DIRECTOR**
**Defendants**

**DEFENDANTS' OBJECTION TO**
**PLAINTIFFS' MOTION TO REMAND**

Now come the Defendants and object to Plaintiffs' Motion to Remand. As grounds for this Objection, Defendants rest on the Memorandum of Law in Opposition to Plaintiffs' Motion to Remand attached hereto.

Respectfully submitted,

DEFENDANTS
R.I. DEPARTMENT OF ENVIRONMENTAL
MANAGEMENT
and W. Michael Sullivan, Ph.d., Director
By their Attorneys,

_/s/ Terence J. Tierney___________

Terence J. Tierney, Bar No. 2583
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2307
Fax: (401) 222-3016

_/s/ Gary Powers_____________________________
Gary Powers, Bar No. 2321
Deputy Chief Legal Counsel
Office of Legal Services
R.I. Dept. of Environmental Management
235 Promenade Street
Providence, RI 02908

## CERTIFICATION

I, the undersigned, hereby certify that a true copy of this Defendants' Objection to Plaintiffs' Motion to Remand was served by electronic means (ECF) on this 16th day of July, 2007 to the following:

**Robert Caron, Esquire**
55 Bradford Street, Suite 203
Providence, RI 02903
RCaron@caronolenlaw.necoxmail.com

/s/ Terence J. Tierney

**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**RHODE ISLAND FISHERMEN'S**
**ALLIANCE, et al**
**Plaintiffs**
**V.** **C.A. No. 07-230**

**RHODE ISLAND DEPARTMENT**
**OF ENVIRONMENTAL MANAGEMENT**
**and W. MICHAEL SULLIVAN, Ph.D., DIRECTOR**
**Defendants**

**DEFENDANTS' MEMORANDUM OF LAW**
**IN OPPOSITION TO**
**PLAINTIFFS' MOTION TO REMAND**

In seeking to remand this matter to state court, Plaintiffs have advanced a number of legal arguments, all of which should be rejected.

Plaintiffs first erroneously contend that their Complaint is "based entirely on questions of state law." Pls' Memorandum of Law in Support of Motion to Remand, at 1. In fact, Plaintiffs' Complaint actually challenges administrative regulations that were adopted pursuant to the State of Rhode Island's obligations under an interstate compact known as the Atlantic States Marine Fisheries Compact. See Complaint, ¶ 15-17. Accordingly, the eventual resolution of Plaintiffs' claims will not depend "entirely on questions of state law" as they contend, but rather, will require the interpretation of the legal effect of actions taken by the Atlantic States Marine Fisheries Commission (ASMFC), an entity created and empowered by an interstate compact and federal statutes. See Gully v. First National Bank, 299 U.S. 109, 114 (1936) (holding that a federal question arises if it "really and substantially involves a dispute or controversy respecting

the validity, construction, or ***effect*** of such a law." (emphasis added); Pub. L. 77-539 (1942), as amended by Pub. L. 81-721 (1950); and the Atlantic Coastal Fisheries Cooperative Management Act, Pub L. 103-206, 16 U.S.C. § 5101-5108.

In arguing that a remand to state court is required, Plaintiffs erroneously suggest that the removal of the matter to federal court was premised entirely upon the Plaintiffs' acknowledgment in the Complaint that the challenged fisheries regulations were promulgated "based on recommendations made by the Atlantic States Marine Fisheries Commission." Pls' Memo, at 3.[1]

Contrary to the Plaintiffs' position, Defendants did not base the removal of the case on "the mere mention of a federal statute" (Id., at 4). The basis for federal jurisdiction here is not the *pleaded form*, but the *legal substance* of Plaintiffs' claims. Defendants relied on a long line of established case law of the United States Supreme Court and lower federal courts holding that a case involving the construction of an interstate compact which requires a judicial determination of the nature and scope of obligations set forth therein "arises under" federal law within the meaning of § 1331(a). See, *e.g.*, Cuyler v. Adams, 449 U.S. 433, 440 (1981) ("where Congress has authorized the States to enter into a cooperative agreement, and where the subject matter of that agreement is an appropriate subject of congressional legislation, the consent of Congress transforms the States' agreement into federal law under the Compact Clause"); League to Save Lake Tahoe v. Tahoe Reg. Plan. Agency, 507 F.2d 517, 527 (9th Cir. 1974) ("…a case involving the construction of an interstate compact which requires a judicial

[1] Defendants dispute the use of the term "recommendations" by the Plaintiffs in describing the promulgated American Lobster management plan. The challenged regulations were promulgated in order to comply with Addendum VII to Amendment III to the Interstate Management Plan for American Lobsters as adopted by the ASMFC.

determination of the nature and scope of obligations set forth therein 'arises' under the laws of the United States within the meaning of § 1331(a)."). See also New York v. Hill, 528 U.S. 110, 111 (2000); Texas v. New Mexico, 482 U.S. 124, 128 (1987); Petty v. Tennessee-Missouri Bridge Commission, 359 U.S. 275, 279 (1959). As demonstrated in our Memorandum in Support of Notice of Removal, the adjudication of this case necessarily requires the construction of the ASMFC lobster management plan that was the basis for the State's actions. In addition, Rhode Island state law mandates that the Defendants carry out any ASMFC approved plan.[2] Moreover, the relief Plaintiffs seek would directly implicate significant federal and interstate interests: A Member State's failure to comply with an ASMFC plan is both a violation of compact commitments that Rhode Island has made to other ASMFC member states, and also can trigger a federal moratorium under the Atlantic Coastal Fisheries Cooperative Management Act.[3]

Both the interpretation of an interstate compact, and the review of the actions of compact agencies, present federal questions subject to final determination in federal court. See, *e.g.*, New York v. Hill, 528 U.S. 110, 111 (2000); Texas v. New Mexico, 482 U.S. 124, 128 (1987); Cuyler v. Adams, 449 U.S. 433, at 442 (1981); Petty v. Tennessee-Missouri Bridge Commission, 359 U.S. 275, 279 (1959); Washington Metro. Area Transit Auth. v. One Parcel of Land, 706 F.2d 1312, 1318 (4th Cir. 1983) ("*WMATA*"). It has long been established as well that a compacting State lacks "unilateral" authority to overrule or disregard a decision of the compact agency on

[2] State law directs "[a]ll officers of the state of Rhode Island * * * to do all things falling within their respective provinces and jurisdiction necessary or incidental to the carrying out of the [ASMFC] compact in every particular; it being declared to be the policy of the state of Rhode Island to perform and carry out the compact and accomplish its purposes." R.I. Gen. Laws § 20-8-7.

[3] See: 16 U.S.C. § 5106 which provides the Secretary with the authority to impose a moratorium upon fishing in the fishery in question within the waters of a non-complying state.

matters within its authority. See Hess v. Port Auth. Trans-Hudson Corp., 513 U.S. 30, 42 (1994) ("[B]istate entities created by compact, however, are not subject to the unilateral control of any one of the States that compose the federal system."); State ex rel. Dyer v. Sims, 341 U.S. 22, 28 (1951); C.T. Hellmuth & Assocs. v. Wash. Metro. Area Transit Auth., 414 F. Supp 408, 409 (D. Md. 1976).

The reasons for resting final decisional authority in entities other than the individual member States derive from the basic status and function of interstate compacts. Interstate compacts entered into under Article I, Sec. 10 of the federal Constitution, are ***contracts***, Green v. Biddle, 21 U.S. (8 Wheat.) 1, 92 (1823), typically formed to pre-commit States to a mechanism for resolving difficult problems jointly affecting them. See WMATA, 706 F.2d at 1319

Plaintiffs misquote the court decision they have primarily relied upon in this regard. Plaintiffs' Memo alleges "The existence of federal question jurisdiction 'cannot be based on facts alleged in his complaint.' Anieta Matthews v. Edmund Steward, et al., 207 F. Supp. 2d 496, 798 (sic) (M.D. La. 2001)." Memo, at 4. In fact, in that matter the U.S. District Court held "The existence of federal question jurisdiction cannot be based on facts not alleged in the complaint." Id., at 498 (emphasis added). In any event, the Matthews case is but one of number of decisions that support the proposition that federal courts must look beyond the "labels" Plaintiffs put on their claims for relief and determine whether a federal question is actually presented. See also Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg, 545 U.S. 308, 312 (2005); and Rivet v. Regions Bank of Louisiana, 522 U.S. 470 (1998). Unlike the Plaintiff in Matthews, who referenced federal laws in her Complaint "without any factual basis or explanation,"

Matthews, 207 F. Supp. 2d at 498, the plaintiffs in this matter expressly implicated important questions of federal law by challenging the actions of an ASMFC member state in implementing a fisheries management plan adopted by the Commission pursuant to the ASMFC Compact.

The next argument advanced by Plaintiffs is likewise flawed and unpersuasive. They erroneously contend that Defendants have relied upon a legal defense to this Complaint as the sole basis for their removal of the case to federal court. Pls' Memo, at 5. In fact, removal was based on the existence of a federal question arising from the claims made in the Complaint. As Defendants explained in their Memorandum in Support of Notice of Removal, the Complaint challenges the actions of an ASMFC member state in implementing a fisheries management plan adopted by an interstate Commission pursuant to a compact approved by Congress, and the decision will require determination of the legal effect of the ASMFC plan itself. The strong federal interest in ensuring that the actions of a compact agency are resolved in federal court has consistently resulted in federal court jurisdiction over such matters.

The claims for relief demanded by Plaintiffs include a state court order enjoining the implementation of the subject regulations, which, if granted, would undermine an interstate management plan for the conservation of lobsters along the entire Atlantic coastline, thereby adversely affecting the fishery and the national interest therein. Such an order could interfere with Rhode Island's obligations under the Compact, and could threaten to trigger provisions of the federal ACFCMA, which applies when a State is found to be out of compliance with an ASMFC plan. Therefore, State law claims of this nature necessarily implicate substantial questions of federal law, and there is a very

powerful federal interest in having them adjudicated in a federal forum, rather than in a court of one of the compacting states. (As the Court is aware, precisely because Plaintiffs' claims attack Rhode Island's actions taken pursuant to its ASMFC compact obligations, the ASMFC, Defendants have moved that Plaintiffs be obligated to name the ASMFC as a defendant, or alternatively, that the case be dismissed under Rule 19).

Interstate compacts such as the ASMFC compact implicate strong federal and interstate interests, and it is well settled that federal courts will not hesitate to deem inconsistent state laws unenforceable. Washington Metro. Area Transit Auth v. One Parcel of Land, 706 F.2d 1312, 1219 (4th Cir. 1983) ("congressionally sanctioned interstate compacts implicate federal and interstate interests, in whose furtherance and protection federal remedial powers will be available and inconsistent State laws will be deemed unenforceable"); see also Nebraska ex. rel. Nelson v. Central Interstate Low-Level Radioactive Waste Com'n, 26 F.3d 77 (8th Cir.1994); Entergy, Arkansas, Inc.. v. Nebraska, 210 F.3d 887 (8th Cir. 2000). As the Supreme Court and other federal courts have held time and again, there are compelling reasons for such cases (regardless of the source of law on which the plaintiff purports to rely) to be adjudicated in federal court. Compacts – which (as in the case of the interstate fisheries compact at issue here) typically involve interstate problems that cannot effectively be dealt with by individual states. They are, as the Supreme Court has observed, "a means of safeguarding the *national* interest." West Virginia ex rel. Dyer, 341 U.S. at 27. And, of course, they can come into effect only upon the specific and express approval of Congress. U.S. Const., Art. I, Sec. 10, cl. 3.

For more than half a century, the Supreme Court has consistently held that the legality of actions taken by an interstate compact organization, if within the compact purpose, can not be "nullified" or given final meaning by an organ of the contracting States. See, e.g., State ex rel. Dyer, 341 U.S. at 28. The promulgation of the lobster management plan at issue here is squarely within the ASMFC compact purpose. See ASMFC Compact, Art. I (compact purposes include "promot[ing] the better utilization of the fisheries, marine, shell and anadromous, of the Atlantic seaboard by the development of a joint program for the promotion and protection of such fisheries, and by the prevention of the physical waste of the fisheries from any cause").

Plaintiffs next argument, (i.e., that federal court jurisdiction over this matter would be improper because their Complaint did not raise "any challenge under federal law or the federal constitution" as did the Plaintiff in Medeiros v. Sullivan, et al., Pls' Memo, P. 5-6), is similarly unpersuasive. The plaintiff in Medeiros (who is also one of the Plaintiffs in this case) challenged state laws implementing provisions of an ASMFC plan restrictions placed on the number of lobsters that may be landed by non-trap devices. Plaintiffs' original complaint in state court – which was the operative complaint when the case was removed – turned primarily on state law claims, although the plaintiff did also assert a claim under the federal Equal Protection Clause. As demonstrated in the State's memorandum in support of removal in that case, the basis for removal was that Plaintiff was challenging the State's implementation of an AFSCME plan, and that the case would necessarily require the construction of the actions of the ASMFC, an interstate compact agency.[4] See: attached Memorandum in Support of Removal.

[4] After Medeiros was removed to this Court, plaintiff amended his complaint to assert various federal claims, including the claim that the state regulations were invalid because they were the result of

The Plaintiffs in the instant case are challenging another state lobster regulation – likewise adopted to implement an ASMFC management plan – limiting the deployment of a different gear type used in the same fishery (in this case, traps). And by seeking to enjoin enforcement of those regulations adopted by Rhode Island under the provisions of a congressionally sanctioned interstate compact, Plaintiffs have implicated the strong federal interests that warranted removal in Medeiros.

Plaintiffs in this matter have artfully attempted to plead only state law claims. However, their avoidance of any explicit "challenge under federal law or the federal constitution" is not dispositive, since federal jurisdiction will lie over cases involving state law claims that nonetheless "implicate significant federal issues." Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg, 545 U.S. 308, 312 (2005). See also Almond v. Capital Properties, Inc., 212 F.3d 20, 23 (1st Cir. 2000) (even assuming that contract cause of action was created by state law, federal jurisdiction lay and jurisdiction was proper where "federal law surely controls on what is the most important issue"). Here, "significant federal issues" are implicated by the relief requested in Plaintiffs' Complaint because, as Congress has stated

> Because no single government entity has exclusive management authority for Atlantic Coast fishery resources, harvesting of such resources is frequently subject to disparate, inconsistent and intermittent State and Federal regulation that has been detrimental to the conservation and sustainable use of such resources and to the interests of fishermen and the nation as a whole." 16 U.S.C. § 5101(a)(3).

---

unconstitutional "commandeering" of the State, which was said to result from the State's obligation to implement the ASMFC plan and from ACFCMA's provisions that a State that fails to implement a plan may be subject to a moratorium. The First Circuit upheld this Court's ruling that Plaintiff lacked standing to pursue that claim, and the Supreme Court denied the Plaintiff's petition for certiorari.

Similarly, the potential impact of the granting of the relief requested by the Plaintiff was also noted in 16 U.S.C.§5101(a)(5), which provides that:

> The failure of one or more Atlantic States to fully implement a coastal fishery management plan can affect the status of Atlantic coastal fisheries**,** and can discourage other states from fully implementing coastal fishery management plans. " 16 U.S.C. § 5101(a)(5).

Plaintiffs have also criticized the State's reliance on the United States Supreme Court decision in <u>Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing</u>, 545 U.S. 308 (2005), claiming that under the test established therein for determining whether federal jurisdiction over a complaint asserting only state law claims is proper, their complaint would not be subject to such jurisdiction. This claim is premised on the suggestion that even though Plaintiffs' state law claims might raise an issue of federal law which "may at some point require interpretation" (Pls' Memo, at 8) "there is nothing which could be deemed to actually dispute a substantial federal issue." Id., at 9. Defendants respectfully suggest that by conceding the need for "interpretation" of a federal law the Plaintiffs have admitted the existence of federal question jurisdiction, moreover, the Court cannot rely simply on their self-serving characterization of the pending federal issues as being "non-substantial." The "congressionally approved balance of federal and state judicial responsibilities," <u>Grable</u>, 545 U.S. at 314, clearly weights in favor of this Court's retaining jurisdiction here. The case law referenced above not only confirms strong and unique federal interests presented by cases arising from interstate compact relationships, but also emphasizes the harm to interstate relations by committing such cases to the courts of one of the compacting states. Petitioners, tellingly, cite no case holding that claims involving ASMFC plans, or comparable actions of other compact agencies, are properly adjudicated in state court.

Plaintiffs try to bypass the fact that their Complaint directly challenges action that Rhode Island took to implement an ASMFC plan by recasting the plan as mere "recommendations." Memo. at 9-10. But that characterization of the Plan is incorrect; compliance with the plan was not recommendatory, but mandatory. And the question *whether* the ASMFC plan – backed by the State's compact obligations and the federal ACFCMA provisions – was mandatory, is a federal question. Plaintiffs' own characterization demonstrates the centrality of disputed questions of federal law to this case.

Plaintiffs have chosen to challenge RIDEM regulations that (as Plaintiffs admit) were adopted to conform to an ASMFC plan. For that reasons, construing federal law – the ASMFC management plan, the compact provisions, and federal law obligations that would come into play if the State did not implement the plan – is central to this case. Such a claim presents a federal question for adjudication in federal court.

On this basis, the Defendants respectfully request that Plaintiffs' Motion to Remand the instant matter to state court be denied.

Respectfully submitted,

DEFENDANTS
R.I. DEPARTMENT OF ENVIRONMENTAL MANAGEMENT
and W. Michael Sullivan, Ph.d., Director
By their Attorneys,

_/s/ Terence J. Tierney__________
Terence J. Tierney, Bar No. 2583
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2307
Fax: (401) 222-3016

_/s/ Gary Powers____________________________
Gary Powers, Bar No. 2321
Deputy Chief Legal Counsel
Office of Legal Services
R.I. Dept. of Environmental Management
235 Promenade Street
Providence, RI 02908

## CERTIFICATION

I, the undersigned, hereby certify that a true copy of this *Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion to Remand* was served by electronic means (ECF) on this 16th day of July, 2007 to the following:

**Robert Caron, Esquire**
55 Bradford Street, Suite 203
Providence, RI 02903
RCaron@caronolenlaw.necoxmail.com

/s/ Terence J. Tierney