UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

STEPHEN P. MEDEIROS )
)
vs. ) Civil Action No.
)
DEPARTMENT OF ENVIRONMENTAL )
MANAGEMENT )

**MEMORANDUM IN SUPPORT OF NOTICE OF REMOVAL AND MOTION TO JOIN A NECESSARY OR INDISPENSABLE PARTY**

The Department of Environmental Management (the "Department" or DEM") submits the instant memorandum in support of the accompanying notice of removal, pursuant to 28 U.S.C.§1446(a), to the United States District Court for the District of Rhode Island an action captioned **STEPHEN P. MEDEIROS vs. DEPARTMENT OF ENVIRONMENTAL MANAGEMENT, C.A. No. 01-5674** which is currently pending before the Superior Court of the County of Providence and which was served upon the Department on November 2, 2001. The state court compliant as well as a copy of all process, pleadings, and orders served upon the DEM are attached hereto.[1] In addition, this memorandum is submitted in support of the Department's Motion to Join the Atlantic States Marine Fisheries Council (the "ASMFC") as a

---

[1]Although Plaintiff's Complaint at Paragraph 12 indicates that an Exhibit A is attached to the Complaint no such exhibit was served upon the Department or filed with the State Court.

necessary or indispensable party pursuant to Rule 19(a)(1) of the Federal Rules of Civil Procedure. The Department submits that the presence of a federal question making the subject action appropriate for removal as well as the need to join the ASMFC arise on the face of Plaintiff's Complaint.

## Introduction

The subject State Court action seeks declaratory and injunctive relief relative to a State regulation governing fisheries management entitled Rhode Island Marine Fisheries Council Regulation 15.18 ("RIMFC"). RIMFC 15.18 permits harvesters of lobsters who employ gear or methods other than traps to land no more than one hundred (100) lobsters per day or five hundred (500) lobsters per trip of five days or longer.

RIMFC Reg. 15.18 was adopted in order to bring the State into compliance with Amendment 3 to the Interstate Fishery Management Plan (the "ISFMP") which was established by the ASMFC in order to preserve the lobster population along the eastern seaboard. The ASMFC is an interstate compact of the coastal states from Maine to Florida created to address fisheries management issues. The State of Rhode Island entered into the ASMFC pursuant to R.I. General Laws Chapter 20-8. The compact was sanctioned by the United States Congress pursuant to 16 U.S.C.§§5101 *et seq.* as provided in Art. I, §10 cl.3 of the United States Constitution.

In December 1997, the ASMFC adopted Amendment 3 to its ISFMP. Although the RIMFC Reg.15.18 was promulgated to bring the state into compliance with in compliance with the ISFMP, the State subsequently repealed the challenged

regulation on June 29, 2000. The ASMFC then notified the United States Secretary of Commerce and United States Secretary of Interior that the Rhode Island was out of compliance with ISFMP as a result of the regulation's repeal. On November 13, 2000, the National Marine Fisheries Service (the "NMFS") of the United States Department of Commerce advised Rhode Island that as a result the State's repeal of the subject regulation sanctions in the form of a moratorium on the landing of all lobsters in the State might be imposed. On November 29, 2000, RIMFC Reg.15.18 was re-promulgated pursuant to R.I. General Laws §42-35-3 of the Rhode Island Administrative Procedures Act. In December 2000, the Department submitted an application to the NMFS for approval of Amendment 4 to the ISFMP whereby Rhode Island would be permitted to substitute an an equivalent conservation of the resource in place of the limitation imposed by RIMFC Reg.15.18. On October 12, 2001, the ASMFC refused to approve Amendment 4. The subject action followed.

## LEGAL ARGUMENT

28 U.S.C.§1441(b)provides in part that:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States, shall be removable without regard to the citizenship or residence of the parties.

The issue raised in Plaintiff's Compliant does not merely concern State regulation RIMFC Reg. 15.18. Rather, the subject action addresses an interpretation of the fisheries management plan adopted by the ASMFC, a federally sanctioned interstate compact. Thus, a federal question is presented for as stated by the Supreme Court in Cuyler v. Adams, 449 U.S. 433, 440 (1981), "where Congress has authorized the States to enter into a cooperative agreement, and where the subject

matter of that agreement is an appropriate subject of congressional legislation, the consent of Congress transforms the States' agreement into federal law under the Compact Clause." By consenting to a compact, Congress transforms the agreement of the parties into the body of federal law. California Tahoe Regional Planning Agency v. Jennings, 594 F.2d 187, 190 (9th Cir. 1979). The interpretation and implementation of action adopted by the ASMFC compact raises a federal question.

The relief of enjoining the implementation of RIMFC Reg. 15.18 which is sought in the State Court Action also supports the removal of the subject action. As the Eight Circuit Court of Appeals held in Kansas City Area Transportation Authority v. State of Missouri, 640 F.2d 173, 174 (8th Cir. 1981), no state that is a party to an interstate compact may enact legislation which would impose burdens on the compact absent the concurrence of the other signatories. The Supreme Court in West Virginia v. Sims, 341 U.S. 22, 28 (1951) held that , "It requires no elaborate argument to reject the suggestion that an agreement solemnly entered into between States by those who alone have political authority to speak for a State can be unilaterally nullified, or given final meaning by an organ of one of the contracting States. A State cannot be its own ultimate judge in a controversy with a sister State."

Similarly, as the Ninth Circuit held in its consideration of the issue of the presence of federal question jurisdiction in federal district court pursuant to 28 U.S.C.§1331(a) concerning an interstate compact between California and Nevada, " . . . a case involving the construction of an interstate compact which requires a judicial determination of the nature and scope of obligations set forth therein 'arises'

under the laws of the United States, within the meaning of §1331(a)." League To Save Lake Tahoe v. Tahoe Reg. Plan. Agency, 507 F.2d 517, 522 (9th Cir 1974).

Removal is particularly appropriate in the case at bar given the basis upon which Congress sanctioned the interstate compact. 16 U.S.C.§5101(a)(3) provides the following as one of the findings and purposes of the compact:

> Because no single governmental entity has exclusive management authority for Atlantic coastal fishery resources, harvesting of such resources is frequently subject to disparate, inconsistent, and intermit ten State and Federal regulation that has been detrimental to the conservation and sustainable use of such resources and to the interests of fishermen and the Nation as a whole.

The potential impact of the granting of the piecemeal relief requested by the Plaintiff was also noted in 16 U.S.C.§5101(a)(5), which provides that:

> The failure of one or more Atlantic States to fully implement a coastal fishery management plan can affect the status of Atlantic coastal fisheries, and can discourage other states from fully implementing coastal fishery management plans.

Review of Plaintiff's Complaint proves that Congress' concern set out in 16 U.S.C.§5101(a)(5) is well founded in that a state court order enjoining the implementation of the subject regulation in Rhode Island may impact ASMFC's management plan for the conservation of lobsters along the Atlantic seaboard, thereby impacting the fishery.

In addition, the ASMFC is not joined as a co-defendant in this action, not only is complete relief not available to the parties but, in addition,. a distinct probability exists that an injunction issued exclusively against the enforcement of

RIMFC 15.18 might serve to exacerbate the alleged plight of the Plaintiff as well as ***all*** other lobster harvesters in this State due to imposition of a moratorium on the landing of ***any*** lobsters in Rhode Island. As such, the ASMFC should be added as an indispensable party in Plaintiff's cause of action pursuant to Rule 19(a)(1) of the Federal Rules of Civil Procedure because in ASMFC's ". . . absence complete relief cannot be accorded among those already parties . . ."

## Conclusion

On the basis of the above, the Department respectfully requests that the Court remove to the United States District Court for the District of Rhode Island an action captioned **STEPHEN P. MEDEIROS vs. DEPARTMENT OF ENVIRONMENTAL MANAGEMENT** which is currently pending before the Superior Court of the County of Providence, State of Rhode Island. The Department further prays that ,on the basis of the above, the Court grant the Department's motion that this Honorable Court order Plaintiff to join the ASMFC as a necessary or indispensable party in the case at bar.

**Department of Environmental Management**
**By its attorney,**

**Gary Powers RI Bar#2321**
**Deputy Chief Legal Counsel**
**Office of Legal Services**
**4808 Tower Hill Road**
**Wakefield, RI 02879**
**(401) 789-3094 (Telephone)**
**(401) 783-4460 (Fax)**

## CERTIFICATION

I hereby certify that I caused a true copy of the within supporting Memorandum to be forwarded by regular mail, postage prepaid/hand delivered to each of the following: Attorney Richard S. Humphrey, Law Office of Richard S. Humphrey, 3852 Main Road, Tiverton, Rhode Island 02878 and Attorney Amy E. Stratton, Law Office of Richard S. Humphrey, 3852 Main Road, Tiverton, Rhode Island 02878 on this 14th day of November, 2001.