**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**RHODE ISLAND FISHERMEN'S ALLIANCE, et al.,**
**Plaintiffs,**

**V.** **C.A. No. 07-230 (ML)**

**RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT and W. MICHAEL SULLIVAN, Ph.D., DIRECTOR,**

**Defendants.**

**MOTION OF THE ATLANTIC STATES MARINE FISHERIES COMMISSION FOR LEAVE TO INTERVENE**

For reasons set for in the accompanying memorandum, the Atlantic States Marine Fisheries Commission respectfully moves pursuant to Fed. R. Civ. P. 24 for leave to intervene in the above-captioned proceeding. A proposed Answer is hereby attached as Exhibit A.

Respectfully submitted,

/s/ Gregory L. Benik

Gregory L. Benik (#1515)
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
Fax: (401) 454-1030
Tel: (401) 454-1000
gbenik@nixonpeabody.com

*Of Counsel:*

Sean H. Donahue
Donahue & Goldberg, LLP
2000 L St., NW Suite 808
Washington, DC 20036
(202) 466-2234
donahue@article3.net

CERTIFICATE OF SERVICE

I hereby certify that on the 20th of July, 2007, an exact copy of the within Motion of the Atlantic States Marine Fisheries Commission for Leave to Intervene was electronically mailed to the Electronic Case Filing system of the United States District Court for the District of Rhode Island. Notice of this filing, as indicated in the Notice of Electronic filing, will be sent via e-mail to the following:

Robert Caron, Esq.
rcaron@caronolenlaw.necoxmail.com

Terence J. Tierney, Esq.
ttierney@riag.ri.gov

/s/ Gregory L. Benik

# EXHIBIT A

**UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**RHODE ISLAND FISHERMEN'S ALLIANCE, *et al.*,**
**Plaintiffs,**

**v.** **C.A. NO. 07-230-ML**

**RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT and W. MICHAEL SULLIVAN, Ph.D., DIRECTOR,**

**Defendants.**

**ANSWER OF DEFENDANT-INTERVENOR ATLANTIC STATES MARINE FISHERIES COMMISSION**

Now comes Defendant-Intervenor the Atlantic States Marine Fisheries Commission ("Defendant-Intervenor"), an interstate compact entity formed with congressional assent by the fifteen Atlantic Coastal States and the District of Columbia, and respectfully submits this Answer to the Complaint filed by Plaintiffs Rhode Island Fishermen's Alliance, *et al*.. Unless otherwise specified, all references to "Paragraphs" herein refer to the numbered paragraphs in Plaintiffs' Complaint.

ASMFC answers Plaintiffs' Complaint as follows:

1. The allegations in Paragraph 1 contain legal conclusions to which no response is required, and quotations from Rhode Island statutes, which speak for themselves and are the best evidence of their content.

2. Defendant-Intervenor denies the allegations in Paragraph 2.

3. Defendant-Intervenor lacks knowledge and information to either admit or deny the remainder of the allegations appearing in Paragraph 3.

4. Defendants lack knowledge or information sufficient to either admit or deny the allegations appearing in Paragraph 4.

5. Defendant-Intervenor lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 5.

6. Defendant-Intervenor lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 6.

7. Defendant-Intervenor lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 7.

8. Defendant-Intervenor lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 8.

9. Defendant-Intervenor lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 9.

10. Defendant-Intervenor lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 10.

11. Defendant-Intervenor lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 11.

12. Defendant-Intervenor admits that Plaintiff Medeiros is a resident of Rhode Island, but otherwise lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 12.

13. Defendant-Intervenor admits the allegations in Paragraph 13 insofar as it alleges that Defendant Department of Environmental Management is empowered under Rhode Island law to promulgate rules governing certain commercial fishing, including rules for

the lobster fishery, but adds that with respect to certain fisheries Defendant Department of Environmental Management shares responsibility with federal fishery management authorities and with the ASMFC. Defendant-Intervenor otherwise denies the allegations in Paragraph 13.

14. Defendant-Intervenor admits the allegation in Paragraph 14.

15. Defendant-Intervenor admits the allegation in Paragraph 15.

16. Paragraph 16 purports to characterize the terms of Addendum VII to Amendment 3 of the ASMFC's Fishery Management Plan for American lobster, which speaks for itself and is the best evidence of its content.

17. Defendant-Intervenor admits that DEM adopted regulations in order to implement Addendum VII to Amendment 3 of the ASMFC Management Plan for American Lobster, but otherwise denies the allegations in Paragraph 17.

18. Defendant-Intervenor admits that on April 11, 2007 DEM adopted amendments to regulations which had originally been adopted on October 23, 2006 providing for Lobster Trap Allocations for Area 2.

19. Defendant-Intervenor admits that the DEM regulations provide for lobster trap allocations, but otherwise lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 19.

20. Paragraph 20 purports to characterize the effect of Rhode Island fishery management regulations, which speak for themselves and are the best evidence of their content.

21. Defendant-Intervenor admits that under Rhode Island regulations, logbook reports are one measure of an applicant's performance, but denies that they are the only measure, and otherwise denies the allegations in Paragraph 21.

22. Paragraph 22 purports sets forth legal conclusions to which no response is required; to the extent Paragraph 22 purports to characterize DEM fishery management regulations, those regulations speak for themselves and are the best evidence of their content.

23. Defendant-Intervenor lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 23.

24. Defendant-Intervenor lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 24.

25. Defendant-Intervenor lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 25.

26. Defendant-Intervenor lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 26.

27. Defendant-Intervenor lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 27.

28. Defendant-Intervenor lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 28.

29. Defendant-Intervenor lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 29.

30. Defendant-Intervenor lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 30.

31. Defendant-Intervenor lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 31.

32. Defendant-Intervenor hereby incorporates by reference paragraphs 1 through 31 of this Answer as though set forth here in full.

33. Paragraph 33 states a legal conclusion to which no response is required.

34. Paragraph 34 sets forth legal conclusions concerning the legal effect of certain DEM regulations to which no response is required; to the extent a response is required, Defendant-Intervenor denies the allegations in Paragraph 34.

35. Paragraph 35 sets forth legal conclusions concerning the legal effect of certain DEM regulations to which no response is required; to the extent a response is required, Defendant-Intervenor denies the allegations in Paragraph 35.

36. Paragraph 36 sets forth legal conclusions concerning the status of certain groups of fishermen under the Rhode Island constitution to which no response is required; to the extent a response is required, Defendant-Intervenor denies the allegations in Paragraph 36.

37. Paragraph 37 sets forth legal conclusions to which no response is required; to the extent a response is required the allegations in Paragraph 37 are denied.

38. Defendant-Intervenor hereby incorporates by reference paragraphs 1 through 37 of this Answer as if set forth in full.

39. Paragraph 39 consists of a quotation from the Rhode Island constitution, which speaks for itself and is the best evidence of its content.

40. Paragraph 40 sets forth legal conclusions to which no response is required.

41. Paragraph 41 sets forth legal conclusions to which no response is required.

42. Paragraph 42 sets forth a legal conclusion to which no response is required.

43. Paragraph 43 contains a quotation from the Rhode Island constitution, which speaks for itself and is the best evidence of its content.

44. Paragraph 44 sets forth a legal conclusion to which no response is required.

45. Defendant-Intervenor denies the allegations in paragraph 45.

46. Defendant-Intervenor lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 46.

47. Defendant-Intervenor denies the allegations in Paragraph 47.

48. Defendant-Intervenor hereby incorporates by reference paragraphs 1 through 47 of this Answer as if set forth in full.

49. Paragraph 49 sets forth legal conclusions to which no response is required.

50. Paragraph 50 sets forth legal conclusions to which no response is required; to the extent a response is required, the allegations in Paragraph 50 are denied.

51. Defendant-Intervenor hereby incorporates by reference paragraphs 1 through 50 of this Answer as if set forth in full.

52. Paragraph 52 contains quotations from R.I.G.L. § 20-7-9, which speaks for itself and is the best evidence of its content.

53. Paragraph 53 contains quotations from Rhode Island regulations which speak for themselves and are the best evidence of their content.

54. Paragraph 54 sets forth legal conclusions to which no response is required.

55. Defendant-Intervenor hereby incorporates by reference paragraphs 1 through 54 of this Answer as if set forth in full.

56. Paragraph 56 sets forth a legal conclusion to which no response is required.

57. Paragraph 57 contains quotations from an uncited Rhode Island statute, which speaks for itself and is the best evidence of its content.

58. Paragraph 58 sets forth a legal conclusion to which no response is required.

59. Defendant-Intervenor hereby incorporates by reference paragraphs 1-58 of this Answer as if set forth in full.

60. Paragraph 60 contains a quotation from R.I.G.L. § 42-35-3, which speaks for itself and is the best evidence of its content.

61. Paragraph 61 contains legal conclusions to which no response is required.

62. Defendant-Intervenor hereby incorporates by reference paragraphs 1-61 of this Answer as if set forth in full.

63. Paragraph 63 contains a quotation from R.I.G.L. § 42-35-3, which speaks for itself and is the best evidence of its content.

64. Defendant-Intervenor lacks knowledge and information sufficient to admit or deny the allegation in the first sentence of Paragraph 64. The second sentence of Paragraph 64 sets forth a legal conclusion to which no response is required.

65. Defendant-Intervenor hereby incorporates by reference paragraphs 1-64 of this Answer as if set forth in full.

66. Paragraph 66 sets forth legal conclusions to which no response is required.

67. Paragraph 67 sets forth a legal conclusion to which no response is required.

68. Paragraph 68 contains quotations from R.I.M.F. Reg. 6.7-8(a), which speaks for itself and is the best evidence of its content.

69. Paragraph 69 sets forth a legal conclusion to which no response is required.

70. Paragraph 70 sets forth legal conclusions to which no response is required; to the extent a response is required, the allegations in Paragraph 70 are denied.

**RELIEF**

Defendant-Intervenor denies that Plaintiffs are entitled to any relief.

Respectfully submitted,

/s/ Gregory L. Benik

Gregory L. Benik (#1515)
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
Fax: (401) 454-1030
Tel: (401) 454-1000
gbenik@nixonpeabody.com

*Of Counsel:*

Sean H. Donahue
Donahue & Goldberg, LLP
2000 L St., NW Suite 808
Washington, DC 20036
(202) 466-2234
donahue@article3.net

CERTIFICATE OF SERVICE

I hereby certify that on the 20th of July, 2007, an exact copy of the within Answer of Defendant-Intervenor Atlantic States Marine Fisheries Commission was electronically mailed to the Electronic Case Filing system of the United States District Court for the District of Rhode Island. Notice of this filing, as indicated in the Notice of Electronic filing, will be sent via e-mail to the following:

Robert Caron, Esq.
rcaron@caronolenlaw.necoxmail.com

Terence J. Tierney, Esq.
ttierney@riag.ri.gov

/s/ Gregory L. Benik