UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RHODE ISLAND FISHERMEN'S ALLIANCE, et al | : | |
| -vs- | : | C. A. No. 07-230ML |
| RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT and W. MICHAEL SULLIVAN, Ph.d., DIRECTOR | : | |

ANSWER OF DEFENDANT-INTERVENORS RHODE ISLAND LOBSTERMEN'S ASSOCIATION, LANNY DELLINGER, MICHAEL MARCHETTI, AL CHRISTOPHER, RUSS WALLACE, AARON GERWITZ, AL EAGLES, AND HARRY TOWNE

1. The allegations contained in this paragraph contain legal conclusions to which no response is required.

2. Denied.

3. Defendant-Intervenors are without sufficient knowledge or information so as to be able to either admit or deny the allegations of this paragraph.

4. Defendant-Intervenors are without sufficient knowledge or information so as to be able to either admit or deny the allegations of this paragraph.

5. Defendant-Intervenors are without sufficient knowledge or information so as to be able to either admit or deny the allegations of this paragraph.

6. Defendant-Intervenors are without sufficient knowledge or information so as to be able to either admit or deny the allegations of this paragraph.

7. Defendant-Intervenors are without sufficient knowledge or information so as to be able to either admit or deny the allegations of this paragraph.

8. Defendant-Intervenors are without sufficient knowledge or information so as to be able to either admit or deny the allegations of this paragraph.

9. Defendant-Intervenors are without sufficient knowledge or information so as to be able to either admit or deny the allegations of this paragraph.

10. Defendant-Intervenors are without sufficient knowledge or information so as to be able to either admit or deny the allegations of this paragraph.

11. Defendant-Intervenors are without sufficient knowledge or information so as to be able to either admit or deny the allegations of this paragraph.

12. Defendant-Intervenors are without sufficient knowledge or information so as to be able to either admit or deny the allegations of this paragraph.

13. The allegations contained in this paragraph contain legal conclusions to which no response is required.

14. Admitted.

15. Admitted.

16. Admitted that Addendum VII does implement a limited access plan.

17. Admitted to the extent that DEM did adopt regulations to implement Addendum VII. The remaining allegations are denied.

18. Admitted that the regulations were adopted on April 11, 2007.

19. Defendant-Intervenors are without sufficient knowledge or information so as to be able to either admit or deny the allegations of this paragraph.

20. The allegations contained in this paragraph contain legal conclusions to which no response is required.

21. Denied to the extent that the allegations seek to infer that the only manner to establish landings is through the use of log books.

22. The allegations contained in this paragraph contain legal conclusions to which no response is required.

23. The allegations contained in this paragraph contain legal conclusions to which no response is required.

24. Defendant-Intervenors are without sufficient knowledge or information so as to be able to either admit or deny the allegations of this paragraph.

25. Defendant-Intervenors are without sufficient knowledge or information so as to be able to either admit or deny the allegations of this paragraph.

26. Defendant-Intervenors are without sufficient knowledge or information so as to be able to either admit or deny the allegations of this paragraph.

27. Defendant-Intervenors are without sufficient knowledge or information so as to be able to either admit or deny the allegations of this paragraph.

28. Defendant-Intervenors are without sufficient knowledge or information so as to be able to either admit or deny the allegations of this paragraph.

29. Defendant-Intervenors are without sufficient knowledge or information so as to be able to either admit or deny the allegations of this paragraph.

30. Defendant-Intervenors are without sufficient knowledge or information so as to be able to either admit or deny the allegations of this paragraph.

31. Defendant-Intervenors are without sufficient knowledge or information so as to be able to either admit or deny the allegations of this paragraph.

COUNT I

32. Defendant-Intervenors hereby reallege and incorporate herein by reference their answers to paragraphs 1 through 31.

33. The allegations contained in this paragraph contain legal conclusions to which no response is required.

34. The allegations contained in this paragraph contain legal conclusions to which no response is required.

35. The allegations contained in this paragraph contain legal conclusions to which no response is required.

36. The allegations contained in this paragraph contain legal conclusions to which no response is required.

37. The allegations contained in this paragraph contain legal conclusions to which no response is required.

COUNT II

38. Defendant-Intervenors hereby reallege and incorporate herein by reference their answers to paragraphs 1 through 37.

39. The allegations contained in this paragraph contain legal conclusions to which no response is required.

40. The allegations contained in this paragraph contain legal conclusions to which no response is required.

41. The allegations contained in this paragraph contain legal conclusions to which no response is required.

42. The allegations contained in this paragraph contain legal conclusions to which no response is required.

43. The allegations contained in this paragraph contain legal conclusions to which no response is required.

44. The allegations contained in this paragraph contain legal conclusions to which no response is required.

45. Denied.

46. Defendant-Intervenors are without sufficient knowledge or information so as to be able to either admit or deny the allegations of this paragraph.

47. Denied.

COUNT III

48. Defendant-Intervenors hereby reallege and incorporate herein by reference their answers to paragraphs 1 through 47.

49. The allegations contained in this paragraph contain legal conclusions to which no response is required.

50. The allegations contained in this paragraph contain legal conclusions to which no response is required.

COUNT IV

51. Defendant-Intervenors hereby reallege and incorporate herein by reference their answers to paragraphs 1 through 50.

52. The allegations contained in this paragraph contain legal conclusions to which no response is required.

53. The allegations contained in this paragraph contain legal conclusions to which no response is required.

54. The allegations contained in this paragraph contain legal conclusions to which no response is required.

COUNT V

55. Defendant-Intervenors hereby reallege and incorporate herein by reference their answers to paragraphs 1 through 54.

56. The allegations contained in this paragraph contain legal conclusions to which no response is required.

57. The allegations contained in this paragraph contain legal conclusions to which no response is required.

58. The allegations contained in this paragraph contain legal conclusions to which no response is required.

COUNT VI

59. Defendant-Intervenors hereby reallege and incorporate herein by reference their answers to paragraphs 1 through 58.

60. The allegations contained in this paragraph contain legal conclusions to which no response is required.

61. The allegations contained in this paragraph contain legal conclusions to which no response is required.

COUNT VII

62. Defendant-Intervenors hereby reallege and incorporate herein by reference their answers to paragraphs 1 through 61.

63. The allegations contained in this paragraph contain legal conclusions to which no response is required.

64. Denied as to the first sentence. With respect to the second sentence, the allegations contain legal conclusions to which no response is required.

COUNT VIII

65. Defendant-Intervenors hereby reallege and incorporate herein by reference their answers to paragraphs 1 through 64.

66. The allegations contained in this paragraph contain legal conclusions to which no response is required.

67. The allegations contained in this paragraph contain legal conclusions to which no response is required.

68. The allegations contained in this paragraph contain legal conclusions to which no response is required.

69. The allegations contained in this paragraph contain legal conclusions to which no response is required.

70. The allegations contained in this paragraph contain legal conclusions to which no response is required.

71. The allegations contained in this paragraph contain legal conclusions to which no response is required.

WHEREFORE, Defendant-Intervenors hereby request that plaintiffs' complaint be denied and dismissed and that judgment be entered for their costs.

Submitted by,

/s/ Mark A. McSally

MARK A. MCSALLY - #3006
Kelly, Kelleher, Reilly & Simpson
28 Caswell Street
Narragansett, RI 02882
(401) 789-7800
FAX: 789-6990
mmcsally@kkrs.com

To: Gregory L. Benik, Esquire
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
gbenik@nixonpeabody.com

Sean H. Donahue, Esquire
Donahue & Goldberg, LLP
2000 L St., NW Suite 808
Washington, DC 20036
donahue@article3.net

Robert Caron, Esquire
55 Bradford Street, Suite 203
Providence, RI 02903
rcaron@caronolenlaw.necoxmail.com

Terence J. Tierney, Esquire
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
ttierney@riag.ri.gov

Gary Powers, Esquire
Deputy Chief Legal Counsel
Office of Legal Services
R.I. Dept. of Environmental Management
235 Promenade Street
Providence, RI 02908
gary.powers@dem.ri.gov

CERTIFICATION

I hereby certify that on the 27th day of July, 2007, a copy of the within Answer was electronically mailed to the Electronic Case Filing system of the United States District Court for the District of Rhode Island. Notice of this filing, as indicated in the Notice of Electronic filing, will be sent to the above counsel of record via e-mail.

/s/ Mark A. McSally

(joan) r.i.lobstermen's.alliance.dem/answer-7/27/07