UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RHODE ISLAND FISHERMEN'S ALLIANCE, et al | : | |
| -vs- | : | C. A. No. 07-230ML |
| RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT and W. MICHAEL SULLIVAN, Ph.d., DIRECTOR | : | |

MEMORANDUM IN SUPPORT OF
MOTION OF RHODE ISLAND LOBSTERMEN'S ASSOCIATION, LANNY DELLINGER, MICHAEL MARCHETTI, AL CHRISTOPHER, RUSS WALLACE, AARON GERWITZ, AL EAGLES, AND HARRY TOWNE FOR LEAVE TO INTERVENE

Pursuant to Fed. R. Civ. P. 24, Rhode Island Lobstermen's Association, Lanny Dellinger, Michael Marchetti, Al Christopher, Russ Wallace, Aaron Gerwitz, Al Eagles, and Harry Towne (hereinafter collectively referred to as "Defendant-Intervenors") respectfully seek to intervene in this matter. Rhode Island Lobstermen's Association is a nonprofit corporation organized and existing under the laws of the State of Rhode Island whose purpose includes the representation of individuals engaged in the commercial lobster fishery within the state of Rhode Island. It presently has over 100 members. Defendant-Intervenors Lanny Dellinger, Michael Marchetti, Al Christopher, Russ Wallace, Aaron Gerwitz, Al Eagles, and Harry Towne all hold Multi-Purpose Fishing Licenses issued by the State of Rhode Island, and all have been engaged primarily on a full-time basis in the lobster fishery in the State of Rhode Island. In addition, all of the Defendant-Intervenors have maintained an active role over the past 7 years in the process that has given rise to the adoption of Addendum VII to Amendment 3 of the Atlantic States Marine Fisheries Commission Fishery Management Plan for American Lobster and the Regulations adopted by the Rhode Island Department of Environmental Management in 2007. All of the

individual Defendant-Intervenors have either held a position in RILA, have been a member of the LCMT for Federal Fishing Area 2, or have been active participants in the public process leading to the adoption of Addendum VII and the DEM Regulations. Each of the individual Defendant-Intervenors has a personal stake in the outcome of this litigation in that, if it is decided adversely, then they will in all likelihood have their Lobster Trap Allocation reduced, thereby causing them economic injury.

## ARGUMENT

Rule 24(a) of the Federal Rules of Civil Procedure provides for the intervention as a matter of right "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

Subsection (b) of the Rule allows permissive intervention when there is a timely application and "when an applicant's claim or defense and the main action have a question of law or fact in common." The Rule further provides that the Court, when acting upon a motion to intervene through Subsection (b), must consider whether the intervention would "unduly delay or prejudice the adjudication of the rights of the original parties." It is Defendant-Intervenors' position that they would meet the test for either intervention as a matter of right or permissive intervention.

In support of the motion to intervene under Rule 24(a), Defendant-Intervenors would rely upon a decision of the First Circuit Court of Appeals in Conservation Law Foundation of New England Inc. v. Mosbacher, 966 F.2d 39 (CA 1 1992). In that case the Conservation Law

Foundation ("CLF") filed an action seeking to compel the Federal Government to further regulate certain fisheries. A number of fishery groups sought to intervene in the action. Their motion was denied at the District Court level, and this decision was reversed by the First Circuit Court of Appeals on appeal.

In deciding that intervention was appropriate, the First Circuit held that the fishing groups had an interest in and an adverse effect from the Consent Decree that was negotiated to resolve the litigation. Id. at p. 44. The basis for the finding that the fishing groups had an interest in the litigation was their economic interest in the fishery. In so holding, the Court stated in part as follows:

> The fishing groups seeking intervention are the real targets of the suit and are the subjects of the regulatory plan. Changes in the rules will affect the proposed intervenors' business, both immediately and in the future.

Id. at p. 43.

In this case the individual Defendant-Intervenors are active lobstermen who have, under the Regulations adopted by DEM, been given a trap allocation based upon their prior fishing history. They are dependent upon this allocation for their continued economic viability. If the plaintiffs' allegations are successful, there will in all likelihood be some sort of reallocation of the traps that are available for individuals fishing in Rhode Island waters for lobster. This will most likely result in the Defendant-Intervenors' receiving a smaller allocation of traps and thereby reducing their ability to make a living. Clearly the circumstances in this case are similar to the language cited above from the First Circuit Court of Appeals and should be a sufficient basis upon which to find that the Defendant-Intervenors meet the first portions of the test under Rule 24(a) to allow for intervention.

The final test under Rule 24(a) is a requirement that the proposed intervenors make a showing that their interest is not adequately represented by existing parties. In order to meet this standard, it is necessary for the Defendant-Intervenors to make a "minimal showing" that representation may be inadequate. Trbovich v. United Mine Workers, 404 U.S. 528, 538 (1972). As stated by the First Circuit in the CLF case, the intervenor "need only show that the representation may be inadequate, not that it is inadequate. 966 F.2d at 44.

In this case Defendant-Intervenors are confident that DEM will present a vigorous defense to the challenge being brought by the plaintiffs. However, there is a potential diversion of interest between the DEM and the Defendant-Intervenors. The goal of DEM is to ensure that the State complies with the requirements of Addendum III. Its interest is more in the nature of protection of the public health, safety and welfare. As set forth in the CLF, this view is a broader public view which may differ with the individual interests of fishermen. In that case the Court stated in part as follows:

> The Secretary's judgments are necessarily constrained by his view of the public welfare. While the Secretary may well believe that what best serves the public welfare will also best serve the overall interest of fishermen, the fact remains that the fishermen may see their own interest in a different, perhaps more parochial light. For example, a fisherman with a mortgage to pay off on his boat may not want to limit his fishing activities even if the long-term effect of continuing to fish is to put the entire fishing stock at risk.
>
> Id. at 44.

In this case the issues are substantially similar to the CLF case in that the Defendant-Intervenors may have a different opinion as to how best to defend this litigation and as to what evidence needs to be presented. Furthermore, the Defendant-Intervenors may have the ability to submit additional information in evidence as part of a defense to this action that may not be of the type and nature that would normally be submitted by a governmental agency. This would

include the ability to present first hand, on the basis of experience, the state of the fishery, the attrition that has taken place, the rationale behind the industry's support of Addendum VII, and other pertinent evidence. Furthermore, although there is no hint that this is taking place, any type of settlement or Consent Agreement that could come out of this litigation (if the DEM were so inclined to negotiate with the plaintiffs) may have an adverse impact on the Defendant-Intervenors, and they would not have any say in the discussions. This could occur, for example, if the DEM decided to resolve this litigation by some sort of reallocation of the lobster traps it is authorized to permit while still staying within the mandates of Addendum VII. This type of decision or settlement could reduce the trap allocation to the Defendant-Intervenors without their being able to participate in the litigation or settlement discussions. For these reasons Defendant-Intervenors believe that they meet all of the tests under Rule 24(a) so as to permit their intervention.

As an alternative, the Defendant-Intervenors would also argue that they should be entitled to permissive intervention under Rule 24(b). In this case their claim or defense regarding the adoption of the Regulations implementing Addendum VII is in common with the defenses that will be put forward by DEM. Furthermore, the intervention would not result in any delay or prejudice because it is being made in a timely fashion shortly after the litigation has been filed. Therefore, the Defendant-Intervenors would request that this Court exercise its discretion to allow their intervention if the Court finds that they are not entitled to intervene under Rule 24(a).

## CONCLUSION

For the foregoing reasons Defendant-Intervenors respectfully request that their motion be granted.

Submitted by,

/s/ Mark A. McSally

MARK A. MCSALLY - #3006
Kelly, Kelleher, Reilly & Simpson
28 Caswell Street
Narragansett, RI 02882
(401) 789-7800
FAX: 789-6990
mmcsally@kkrs.com

To: Gregory L. Benik, Esquire
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
gbenik@nixonpeabody.com

Sean H. Donahue, Esquire
Donahue & Goldberg, LLP
2000 L St., NW Suite 808
Washington, DC 20036
donahue@article3.net

Robert Caron, Esquire
55 Bradford Street, Suite 203
Providence, RI 02903
rcaron@caronolenlaw.necoxmail.com

Terence J. Tierney, Esquire
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
ttierney@riag.ri.gov

Gary Powers, Esquire
Deputy Chief Legal Counsel
Office of Legal Services
R.I. Dept. of Environmental Management
235 Promenade Street
Providence, RI 02908
gary.powers@dem.ri.gov

CERTIFICATION

I hereby certify that on the 27th day of July, 2007, a copy of the within Memorandum was electronically mailed to the Electronic Case Filing system of the United States District Court for the District of Rhode Island. Notice of this filing, as indicated in the Notice of Electronic filing, will be sent to the above counsel of record via e-mail.

/s/ Mark A. McSally

(joan) r.i.lobstermen's.alliance.dem/memo.in.support-7/27/07