UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **RHODE ISLAND FISHERMEN'S ALLIANCE, INC., by and through its President, RICHARD FUKA, STEVEN RILEY, individually, BRIAN LOFTES, individually, STEPHEN MEDERIOS, individually, GREG DUCKWORTH, individually, VINCENT CARVALHO, individually, PETER DIBIASE, ESQ., individually, ROBERT MORRIS, individually, and ANDREW CAVANAGH, individually,** ***Plaintiffs*** | : | |
| **v.** | : | **C.A. NO. 1:07 – cv -230** |
| **THE DEPARTMENT OF ENVIRONMENTAL MANAGEMENT And W. MICHAEL SULLIVAN, PH.D. In his capacity as the Director of the Rhode Island Department of Environmental Management** ***Defendants*** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' OBJECTION TO THE ATLANTIC STATES MARINE FISHERIES COMMISSION MOTION FOR LEAVE TO INVERVENE**

The Atlantic States Marine Fisheries Commission (hereinafter ASMFC) have filed a Motion seeking intervene as of right under FRCP 24(a) or in the alternative to intervene permissively under FRCP 24(b). Plaintiffs hereby submit this Memorandum in opposition to ASMFC's motion.

## ARGUMENT

### THE ATLANTIC STATES MARINE FISHERIES COMMISSION'S INTEREST IN THE PRESENT LITIGATION IS MERELY CONTINGENT AND NOT A REAL INTEREST AS TO ALLOW INTERVENTION AS OF RIGHT

To intervene as of right, a party must establish that they have an interest in the subject matter of the pending litigation. FRCP 24(a)(2). In order to satisfy the requisite interest of FRCP 24(a)(2), the interest must be direct, and not contingent upon the resolution of the pending litigation. Travelers Indem. Co. v. Dingwell, 884 F.2d 629, 638 (1st Cir. 1989) (intervention as of right was not proper because the intervenor's interest was contingent on the resolution of the insurance coverage issue).

The ASMFC claims an interest in the present litigation alleging that if the regulations promulgated by the Department of Environmental Management (hereinafter DEM) are declared unconstitutional, the ASMFC's conservation efforts might be hindered. See ASMFC Memo, p 9. Further, the ASMFC expresses concern that if the regulations promulgated by Rhode Island are found to be repugnant to Rhode Island's Constitution, then they will be forced to issue a moratorium on Rhode Island's lobster fisheries. However, this interest is first speculative and in any event, it is merely a contingent interest and it is not substantial enough to meet the requirements of Rule 24(a) because the regulations that DEM promulgated were not mandatory. If DEM's regulations were found to be repugnant to Rhode Island's Constitution, Rhode Island would have an opportunity to implement other regulations that successfully carry out the goals of Addendum VII to Amendment 3.

Although the ASMFC would have this Court believe that the regulations are mandatory, this is a gross mischaracterization. Even though a trap allocation program is mandated by Amendment 3's Addendum VII, the way in which the states chose to assign trap allocations was left to the states. See Addendum VII to Amendment 3 to the Interstate Fishery Management Plan for American Lobster p 5. As the ASMFC's Charter

states "Management measures should focus on conservation while ***allowing states to make allocation decisions.***" Atlantic States Marine Fisheries Commission, *Interstate Management Program Charter*, July 2003, page 14. Additionally, the Charter specifically sets out a vehicle for a state to propose alternate regulations know as "conservation equivalency." The Charter defines conservation equivalency "***as state regulations that differ from the proposed plan but have the same conservation purpose***." Id. (emphasis added). Moreover, the ASMFC in its memorandum in support of its Motion to Intervene has intimated that regulations they adopt are not "recommendations" for the state to adopt. Rather, the ASMFC suggests that the regulations it adopts are mandatory for the state to adopt and appears to take issue with Plaintiffs' use of the word "recommend" in their pleadings. See ASMFC Memorandum in Support of Its Motion to Intervene, p. 7. What is mandatory is for the state to implement effectively the Management Plan, not necessarily the specific regulations which the ASMFC has "recommended." Indeed, a perusal of the ASMFC's Compact and Rules and Regulations illustrates Plaintiff's point in no uncertain terms. The following excerpts are illuminative.

> "The Commission shall have power to ***recommend*** the coordination of the exercise of the police powers of the several states within their respective jurisdictions." Atlantic States Marine Fisheries Commission, Compact & Rules and Regulations, December 2003, page 3. (emphasis added)
>
> The Commission shall draft and, after consultation with the Advisory Committee…***recommend to the governors and legislatures of the various signatory states*** legislation dealing with the conservation of the marine, shell and anadromous fisheries." Id. (emphasis added)

> "The Commission shall consult with and advise the pertinent administrative agencies in the states party hereto with regard to problems connected with the fisheries and ***recommend the adoption of such regulations as it deems advisable***." Id. (emphasis added).
>
> Article VI states that "No ***recommendations*** shall be made by the Commission in regard to any species of fish except by the affirmative vote of a majority of the compacting states which have an interest in such species." Id. at p. 4. (emphasis added).
>
> Section 2. Powers and Duties. "The Commission is a fact finding and deliberative body with the ***power to make recommendations to the member states*** and to the Congress of the United States" Id. at p. 7. (emphasis added).
>
> "fishery management plans and any actions of the Commission or the ISFMP Policy Board taken according thereto, ***shall*** be considered ***"RECOMMENDATION[S]…in regard to any species of fish,"*** According to the requirements of Article VI of the Compact establishing the Commission" Id. at p. 12. (emphasis added).

As is demonstrated by the above quotes, what is mandatory is for the state to comply with the management plan's overall purpose and goal. What is not mandatory, is that an individual state enact the exact proposed regulations as the state has repeatedly suggested. Therefore, the ASMFC has no real direct interest in the present litigation.

The current lawsuit is about whether or not certain regulations promulgated by DEM are constitutional. The litigation is not about the relation between Rhode Island and

the ASMFC. To construe the issue as one involving the interpretation of an interstate compact would be to mischaracterize what is solely a state law issue. Also allowing the ASMFC to invoke Rule 24 would incorrectly switch the focus of the case to an analysis of Rhode Island's obligations as a member of an interstate compact. It is abundantly clear from the previously quoted sections of rules and regulations, that Rhode Island has options as a member state. It need not adopt recommended regulations which offend its own Constitution. The path of least resistance is simply unavailable to the State and its officers sworn to uphold its own Constitution. Finally, Rhode Island's obligations as a member of an interstate compact is a substantive issue not raised in the present subject matter of the litigation. See Travelers Indem. Co. v. Dingwell 884 F.2d 629, 640 (1st Cir. 1989)(the use of Rule 24(a) was improper to bring in insurance issues into the litigation where the litigation was about the allocation of liability among tortfeasors and not about the insurance company's liability)

**ANY INTEREST THAT THE ASMFC MAY HAVE WILL NOT BE IMPAIRED BY THE DIPOSITION OF THE CURRENT LITIGATION**

DEM and the state of Rhode Island have just as much interest in making sure the conservation goals of the Interstate Fisheries Management Plan are carried out. According to Rule 24(a)(2), a party is not entitled to intervene as of right unless the intervenor has an interest in the litigation and "the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest…" FRCP 24(a). The ASMFC should not be allowed to intervene under Rule 24(a) because any contingent interest that they may have in the pending litigation, would not be impaired by the disposition of the current litigation. If intervention were denied, there would be no direct ill effects to the ASMFC because Rhode Island would still have a strong incentive

to make sure the conservation goals of the ASMFC are carried out due to the threat of a moratorium being imposed for its failure to comply with the management plan. In fact, it could be a win-win situation for Rhode Island as the State could propose regulations with conservation equivalency should the Court rule that the current DEM regulations run afoul to Rhode Island's Constitution.

**DEM WILL ADEQUATELY REPRESENT ANY INTEREST THE ASMFC MAY HAVE**

When the government is the party representing the interest of the would be intervenor, it is presumed that the government will adequately represent the would be intervenor's interest. Ruthardt v. United States 303 F.3d 375, 386 (1st Cir. 2002) (intervention as of right was properly denied because there was no concrete reason as to why the government could not adequately represent would be intervenor's interests) citing Pub. Serv. Co. v. Patch, 136 F.3d 197, 207 (1st Cir. 1998) (requiring a "strong affirmative showing" that the agency is not adequately representing the would-be intervenor's interests).

DEM will adequately represent whatever interest the ASMFC may have.[1] When the goal of the party seeking to intervene is the same as the goal of the party the intervenor seeks to assist, the same adequacy of representation will be presumed. Daggett v. Comm. on Governmental Ethics and Election Practices 172 F.3d 104, 111 (1st Cir. 1999), citing Kneeland v. NCAA 806 F.2d 1285,1288 (8th Cir. 1987); Moosehead

[1] The ASMFC's reliance on Medeiros v. Vincent 431 F.3d 25 (1st Cir. 2005) is misplaced. See ASMFC's Memo p 10. In Medeiros, the court held that a private citizen did not have standing to raise a commandeering challenge under the 10th amendment without the state or its officers. There was no conflict between the State and the ASMFC in Medeiros. Indeed, instead of challenging the regulations under the 10th Amendment, Rhode Island chose to side with the ASMFC, offering further proof that Rhode Island will adequately represent ASMFC's interest (if any) in the current litigation.

Sanitary Dist. v. S. G. Phillips Corp., 610 F.2d 49, 54 (1st Cir. 1979). In this case both DEM and ASMFC seek to establish that the trap allocations are constitutional. The fact that DEM and ASMFC interests' may not be exactly identical is not, in and of itself, enough to prove inadequacy of representation. See e.g. Daggett v. Comm. on Governmental Ethics and Election Practices 172 F.3d 104, 112 (1st Cir. 1999) ("the general notion that the Attorney General represents "broader" interest at some abstract level is not enough" quoting Patch 136 F.3d at 207-208). There is every indication from the State's pleadings to date that it is prepared to enthusiastically defend the regulations adopted by DEM. Furthermore, any suggestion that DEM's arguments or tactics may differ slightly from what the ASMFC may offer, is insufficient to substantiate inadequate representation. Daggett v. Comm. on Governmental Ethics and Election Practices 172 F.3d 104, 112 (1st Cir. 1999).

**PERMISSIVE INTERVENTION SHOULD NOT BE ALLOWED**

According to Rule 24(b) "In exercising its discretion [to allow a party to intervene] the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." FRCP 24. In the present case ASMFC seeks to intervene as of right under Rule 24(a) but in the alternative seeks permissive intervention under Rule 24(b).

Permissive intervention by the ASMFC would severely prejudice the plaintiffs. Plaintiffs are all independent commercial fishermen who seek a preliminary injunction. The peak Rhode Island lobster summer season is from June through August. As it is, the plaintiffs have lost two valuable months of their season. Because of the urgent nature of Plaintiffs' complaint, to allow the ASMFC to intervene in the current litigation would

only further complicate and delay the pending litigation, all to the detriment of the plaintiffs. See Garrity v. Gallen, 697 F.2d 452, 457 (1st Cir.1983) (allowing intervention would cause a delay in relief to plaintiffs). Plaintiffs filed their complaint and motion for preliminary injunction on June 5, 2007, in the Providence Superior Court. They had every intention of being heard on June 22, 2007. The evening before the hearing, Plaintiffs learned that the case had been removed to federal court. Some thirty four days have now gone by as Plaintiffs have been engaged in venue and jurisdictional litigation. The ASMFC's Motion to Intervene is somewhat eleventh hour at this point. It is difficult to imagine that the ASMFC has not been aware of this ongoing litigation and the state's attempt to have it joined as an indispensable party since June 29, 2007.

Finally, an alternative to intervention is to file an amicus brief. See Massachusetts Food assoc. v. Massachusetts Alcoholic Beverages Control Comm. 197 F.3d 560, 566 (1st Cir. 1999) (amicus briefs can be helpful alternatives when intervention is denied). See also Ruthardt v. United States 303 F.3d 375, 386 (1st Cir. 2002) (district court did not abuse its discretion in denying permissive intervention when amici briefs were permitted). Intervention is unnecessary and inappropriate in the present litigation.

## CONCLUSION

For all of the foregoing reasons, this Court should deny and dismiss the ASMFC's Motion to Intervene.

## CERTIFICATION

I hereby certify that this document has been filed electronically on the 3rd day of August, 2007, and is available for viewing and downloading from the ECF system.

/S/ Robert J. Caron
Robert J. Caron, Esq. 5735
55 Bradford Street, Ste 203
Providence, RI 02903
Phone: (401) 621-8600
Fax (401) 274-2480
rcaron@caronolenlaw.necoxmail.com