**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RHODE ISLAND FISHERMEN'S ALLIIANCE, INC., by and through its President, RICHARD FUKA, STEVEN RILEY, individually, BRIAN LOFTES, individually, STEPHEN MEDERIOS, individually, GREG DUCKWORTH, individually, VINCENT CARVALHO, individually, PETER DIBIASE, ESQ., individually, ROBERT MORRIS, individually, and ANDREW CAVANAGH, individually,** ***Plaintiffs*** | : | |
| **v.** | : | **C.A. NO. 1:07 – cv - 230** |
| **THE DEPARTMENT OF ENVIRONMENTAL MANAGEMENT And W. MICHAEL SULLIVAN, PH.D. In his capacity as the Director of the Rhode Island Department of Environmental Management** ***Defendants*** | : | |

**AFFIDAVIT OF MARK R. GIBSON**

I, Mark R. Gibson, being duly sworn and under oath do hereby depose and state the following:

1. I am employee of the Division of Fish and Wildlife of the Department of Environmental Management of the State of Rhode Island and have been in the employ of the Division of Fish and Wildlife for over Twenty Nine (29) years.

2. I have served as the Deputy Chief of the Division of Fish and Wildlife in charge of the Marine Fisheries Section since 2000 and I am also charged with the responsibilities as the Rhode Island Administrative Commissioner to the Atlantic States Marine Fisheries Commission, the Rhode Island Agency Representative to the New England Fishery

Management Council, and the Chairman of the Rhode Island Marine Fisheries Council.

3. In my capacity as Deputy Chief of the Division of Fish and Wildlife in charge of the Marine Fisheries Section, I supervise the Department of Environmental Management's implementation of Rhode Island Marine Fisheries Regulations Part 15.14.2 in order for the State to comply with Addendum VII to Amendment 3 to the Interstate Fishery Management Plan for American Lobster as adopted by the Atlantic States Marine Fisheries Commission (the "ASMFC").

4. I officiated at two public hearings in order to promulgate Rhode Island Marine Fisheries Regulations Part 15.14.2 in compliance with the rule making procedures set forth in Rhode Island's Administrative Procedures Act, R.I. Gen. Laws, Chapter 42-35. Notice of each of these hearings was duly published in a daily newspaper of state-wide publication thirty (30) days prior to the date of the public hearing. A copy of the notice of the May 18, 2006 public hearing along with the Affidavit of Publication on April 18, 2006 in the Providence Journal is attached hereto and designated Attachment #1. A copy of the notice of the January 25, 2007 public hearing along with the Affidavit of Publication on December 25, 2006 in the Providence Journal is attached hereto and designated Attachment #2.

5. Each notice advised the reader, in part, that:

> "The Department has determined that small businesses may be adversely impacted by the proposed regulations. The public hearing hearings are being conducted to solicit comment on the proposals and to allow public input from small businesses or any cities or town, which may be adversely affected. Small businesses which are currently licensed or in the future may seek permission to harvest, buy, sell, or produce seafood products as well the small businesses that provide services related to those engaged in such industries and small businesses are requested to comment on the proposed regulations on how such proposed action can be changed to minimize the impact on those small businesses affected."

6. Despite the request noted in Paragraph #5, no alternative rule making proposals were received by which the Department could comply with the Addendum VII to Amendment 3 to the Interstate Fishery Management Plan for American Lobster as adopted by the Atlantic States Marine Fisheries Commission. Nor were any suggestions received that the State request approval of the Atlantic States Marine Fisheries Commission of some type of "conservation equivalency" to modify Rhode Island Marine Fisheries Regulations Part 15.14.2 in order to amend the regulation in such a manner that it might satisfy the requirements of Addendum VII to Amendment 3.

7. Rhode Island Marine Fisheries Regulations Part 15.14.2 was initially filed with the Secretary of State of the State of Rhode Island on October 23, 2006 and became effective on November 12, 2006. (Rhode Island Marine Fisheries Regulations Part 15.14.2 was subsequently amended and the amended version of the regulations was filed with the Secretary of State of the State of Rhode Island on April 11, 2007 and became effective on May 1, 2007.)

8. Notices of Lobster Trap Allocation determinations applying Rhode Island Marine Fisheries Regulations Part 15.14.2 have been mailed to approximately Three Hundred Seventy Two (372) lobster fishers. The vast majority of these Notices were mailed to the fishers on January 16, and 17, 2007. At this time, a total of 129,314 lobster traps have been allocated to RI / Area 2 lobster trap fishermen, of this number 43,172 lobster traps have been allocated to "RI State waters only" and 86,142 lobster traps have been allocated to "Federal / Area 2".

9. Contrary to Plaintiffs' assertion that the granting of the requested preliminary injunction and declaratory pursuant to their claim that Rhode Island Marine Fisheries Regulations Part 15.14.2 is in violation of Rhode Island statutes and constitution would merely preserve the status quo, such a ruling by the Court would wreak havoc in lobster fishery. There are currently a total of 1,058 RI State Commercial Fishing License holders

with licenses that could allow them to fish for lobster (247 that received lobster trap allocation and 811 that did not receive lobster trap allocation; of the 811 that did not receive lobster trap allocation, 226 actually applied for and received a trap allocation of zero (0); the remaining 585 did not apply for a lobster trap allocation). So, the potential number of lobster traps that could be deployed by RI State Commercial Fishing Licenses holders in RI State waters of Area 2 would be 846,400 lobster traps:

1,058 State license holders x 800 lobster traps = 846,400 lobster traps

There are currently 255 Federal Lobster Permits issued to RI residents; 8 of these permits are currently in "Confirmation of Permit History" (i.e. inactive; 3 of which have an 800 trap allocation, the remaining 5 have no Area 2 trap allocation). So, the potential number of lobster traps that could be deployed by RI resident Federal Lobster Permit holders in Area 2 (including both RI State waters and Federal EEZ waters of Area 2) would be 204,000 lobster traps:

255 federal permits x 800 lobster traps = 204,000 lobster traps

If only current Federal / Area 2 lobster trap allocation holders (125 permits) are considered, the potential number of lobster traps that could be deployed by RI resident Federal Lobster Permit holders would be 100,000 lobster traps.

125 RI residents federal permit holders x 800 lobster traps = 100, 000 lobster traps

By adding these numbers together, the potential number of lobster traps that could be deployed by RI State Commercial Fishing License holders and RI resident Federal Lobster Permit holders in Area 2 would be in the

range of 946,400 to 1,050,400 lobster traps. The current total Area 2 lobster trap allocation for both RI State Commercial Fishing License holders and RI resident Federal Lobster Permit holders is 129,314 lobster traps. Thus, the worst case scenario has the potential to result in somewhere between a greater than a seven fold increase (7.32) and more than an eight fold increase (8.13) in total number of traps that are authorized to be deployed by Rhode Island state and federal lobster fishers pursuant to Addendum VII to Amendment 3 to the Interstate Fishery Management Plan for American Lobster as adopted by the Atlantic States Marine Fisheries Commission.

10. Even if the impact of the Court's ruling were limited to the named plaintiffs, the impact has the potential of being devastating. There are eight (8) individually named plaintiffs in this action -- Andrew Cavanagh, Brian Loftes, Steven Riley, Stephen Medeiros, Gregory Duckworth, Vincent Carvalho, Peter DiBiase, and Robert Morris. If Rhode Island Marine Fisheries Regulations Part 15.14.2 were voided, all of these named plaintiffs could deploy the maximum 800 trap limit under their RI State Commercial Fishing License. Three of the named Plaintiffs also own multiple vessels with a Federal Lobster Permit and could deploy the maximum 800 trap limit for each Federal Lobster Permit, i.e., Gregory Duckworth has three (3) federally-permitted vessels, Brian Loftes has two (2) federally-permitted vessels, and Robert Morris has three (3) federally-permitted vessels.

Currently, the total number of lobster traps allocated to these named plaintiffs is 921 lobster traps.

If Regulation 15.14.2 were voided, these named plaintiffs could deploy a potential maximum of 12,800 lobster traps in Area 2:

8 state licenses + 8 federal permits = 16 total licenses and permits

16 total licenses and permits x 800 lobster traps = 12,800 lobster traps. Thus, the increase in lobster traps would amount to Eleven Thousand One Hundred Eight Seventy Nine (11, 879), i.e. 12, 800 – 921, under the unrealistic scenario where no fishers other than eight individually named plaintiffs seek to reap the benefits of the voiding Rhode Island Marine Fisheries Regulations Part 15.14.2 – a regulation which was conceived and implemented in order to limit the number of lobster traps that might be legally deployed by lobster fishers.

11. Under either the impact predicted in Paragraphs 9 or 10, this State would be held by the ASMFC in non-compliance with the Addendum VII to Amendment 3 to the Interstate Fishery Management Plan for American Lobster as adopted by the Atlantic States Marine Fisheries Commission and reported to the United States Secretary of Commerce the United States Secretary of the Interior and following review, thereby, expose itself to the imposition of a moratorium on the landing of all lobsters in the State of Rhode Island by the United States Secretary of Commerce.

Mark R. Gibson

Subscribed and sworn to before me, on this 11th day of February, 2008.

Notary Public #56197
My Commission
Expires: 8/17/2009

**RHODE ISLAND**
**DEPARTMENT OF ENVIRONMENTAL MANAGEMENT**

**PUBLIC NOTICE**

Pursuant to the provisions of Chapters 42-17.1 and 20-3 of the General Laws of Rhode Island as amended, and in accordance with the Administrative Procedures Act Chapter 42-35 of the General Laws, the Director of the Department of Environmental Management (DEM) proposes amendments to the Rhode Island Marine Fisheries Regulations and gives notice of intent to hold a public hearing to afford interested parties the opportunity for public comment.

Public comment will be solicited on the following proposal:

1. Proposed changes to RI lobster management in order to comply with the Atlantic States Marine Fisheries Commission Addendum VII to Amendment 3 to the Interstate Fishery Management Plan for Lobster

The above referenced public hearing will be conducted in the University of Rhode Island Graduate School of Oceanography Corless Auditorium, South Ferry Road, Narragansett, RI 02882. The public hearing concerning the proposed amendments to the Rhode Island Marine Fisheries Regulations will commence at 6:00 PM on Thursday May 18, 2006. The hearing room is handicap accessible. A taped record of the hearings will be made and the DEM will provide interpreter services for the hearing impaired, provided such services are requested at least 48 hours prior to the hearing date. A request for this service can be made in writing or by calling (401) 222-6800 or TDD (401) 831-5508. Written comments concerning any of the regulations proposed for promulgation by the DEM may also be submitted to the Division of Fish and Wildlife, 3 Fort Wetherill Road, Jamestown, RI 02835 no later than 12:00 p.m. on May 18, 2006.

The Department has determined that small businesses may be adversely impacted by the proposed regulations. The public hearings are being conducted to solicit comment on the proposals and to allow public input from small businesses or any cities or towns, which may be adversely affected. Small businesses which are either currently licensed or in the future may seek permission to harvest, buy, sell, or produce seafood products as well as the small businesses that provide services related to those engaged in such industries and small businesses which buy, sell, or produce products or provide services related to fishing are requested to comment on the proposed regulations on how such proposed action can be changed to minimize the impact on those small businesses affected.

A copy of the all proposed regulations will be available for examination from April 18 through May 18, 2006 by mail or at the offices of the Division of Fish and Wildlife located at 4808 Tower Hill Road, Wakefield, RI. 02879 or at 3 Fort Wetherill Road, Jamestown, RI 02835. Electronic copies of the proposed regulations will also be available on the DEM website at the following address: http://www.dem.ri.gov/topics/mftopics.htm.

W. Michael Sullivan, PhD
Director
Department of Environmental Management

Attachment #1

[illegible]

RECEIVED D.E.M.
2006 APR 19 P 2:08
MANAGEMENT SERVICES

# AFFIDAVIT OF PUBLICATION

**The Providence Journal**
**The Providence Sunday Journal**

**Published by The Providence Journal Company**
**Providence, Rhode Island 02902**

**State of Rhode Island**
**City and County of Providence**

On this 18th day of April 20 06, before me, a Notary Public, duly qualified for said County and State, personally appeared Laurence Ricardo, Senior Sales Director, in the office of The Providence Journal Company, publishers of The Providence Journal, a newspaper published in the City of Providence by The Providence Journal Company, who, on being duly sworn, states that the advertisement of RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT PUBLIC NOTICE Pursuant to the provisions of Chapters 42-17.1 and 20-3 of... a true copy of which is hereunto annexed, was duly inserted in **THE PROVIDENCE JOURNAL** in its issue of

April 18th, 20 06,

Laurence Ricardo (signature)
Laurence Ricardo

Subscribed and sworn to before me this 18th day of April, 20 06

Jean A Sandberg (signature)
Notary Public

My Commission expires: 07/02/09

# RHODE ISLAND
# DEPARTMENT OF ENVIRONMENTAL MANAGEMENT

## PUBLIC NOTICE

Pursuant to the provisions of Chapters 42-17.1 and 20-3 of the General Laws of Rhode Island as amended, and in accordance with the Administrative Procedures Act Chapter 42-35 of the General Laws, the Director of the Department of Environmental Management (DEM) proposes amendments to the Rhode Island Marine Fisheries Regulations and gives notice of intent to hold a public hearing to afford interested parties the opportunity for public comment.

Public comment will be solicited on the following proposals:

1) Proposed changes to the lobster effort control plan
2) Proposed changes to the spiny dogfish state management plan
3) Proposed changes to the scup winter 2 sub period starting possession limit
4) Proposed change to the black sea bass escape vent size
5) Proposed changes to the horseshoe crab management plan

The public hearing will commence at 6:00 PM on Thursday January 25, 2007 in the University of Rhode Island Graduate School of Oceanography Corless Auditorium, South Ferry Road, Narragansett, RI 02882. The hearing room is handicap accessible. A taped record of the hearing will be made and the DEM will provide interpreter services for the hearing impaired, provided such services are requested at least 48 hours prior to the hearing date. A request for this service can be made in writing or by calling (401) 222-6800 or TDD (401) 831-5508. Written comments concerning the regulations proposed for promulgation by the DEM may also be submitted to the Division of Fish and Wildlife, 3 Fort Wetherill Road, Jamestown, RI 02835 no later than 12:00 p.m. on January 25, 2007.

The Department has determined that small businesses may be adversely impacted by the proposed regulations. The public hearing is being conducted to solicit comment on the proposals and to allow public input from small businesses or any cities or towns, which may be adversely affected. Small businesses which are either currently licensed or in the future may seek permission to harvest, buy, sell, or produce seafood products as well as the small businesses that provide services related to those engaged in such industries and small businesses which buy, sell, or produce products or provide services related to fishing are requested to comment on the proposed regulations on how such proposed action can be changed to minimize the impact on those small businesses affected.

A copy of the proposed regulations will be available for examination from December 25, 2006 through January 25, 2007 by mail or at the offices of the Division of Fish and Wildlife located at 4808 Tower Hill Road, Wakefield, RI 02879 and at 3 Fort Wetherill Road, Jamestown, RI 02835. Electronic copies of the proposed regulations will also be available on the DEM website at the following address: http://www.dem.ri.gov/topics/mftopics.htm.

W. Michael Sullivan, PhD
Director
Department of Environmental Management

[redacted]

Attachment #2

# AFFIDAVIT OF PUBLICATION

**The Providence Journal**
**The Providence Sunday Journal**

**Published by The Providence Journal Company**
**Providence, Rhode Island 02902**

**State of Rhode Island**
**City and County of Providence**

RECEIVED D.E.M.
2007 JAN -3 P 12:4[illegible]
MANAGEMENT SERVICES

On this 27 day of Dec 20 0[illegible] before me, a Notary Public, duly qualified for said County and State, personally appeared Laurence Ricardo, Senior Sales Director, in the office of The Providence Journal Company, publishers of The Providence Journal, a newspaper published in the City of Providence by The Providence Journal Company, who, on being duly sworn, states that the advertisement of

RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT PUBLIC NOTICE Pursuant to the provisions of Chapters 42-17.1 and 20-3....

a true copy of which is hereunto annexed, was duly inserted in **THE PROVIDENCE JOURNAL** in its issue of

Dec. 25th, 20 06

Laurence Ricardo
Laurence Ricardo

Subscribed and sworn to before me this 27

day of Dec., 20 06

Jean A. Sandberg
Notary Public

My Commission expires: 07/02/09