**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RHODE ISLAND FISHERMEN'S ALLIANCE, INC., by and through its President, RICHARD FUKA, STEVEN RILEY, individually, BRIAN LOFTES, individually, STEPHEN MEDERIOS, individually, GREG DUCKWORTH, individually, VINCENT CARVALHO, individually, PETER DIBIASE, ESQ., individually, ROBERT MORRIS, individually, and ANDREW CAVANAGH, individually,** ***Plaintiffs*** | : | |
| **v.** | : | **C.A. NO. 1:07 – cv – 230** |
| **THE DEPARTMENT OF ENVIRONMENTAL MANAGEMENT And W. MICHAEL SULLIVAN, PH.D. In his capacity as the Director of the Rhode Island Department of Environmental Management** ***Defendants*** | : | |

**PLAINTIFFS' OBJECTION TO AND RESPONSE TO DEFENDANTS' REVISED STATEMENT OF UNDISPUTE[SIC] FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

1. Plaintiffs agree with Paragraph one (1) as set forth in Defendants' Statement of Undisputed Facts.
2. Plaintiffs agree with Paragraph two (2) as set forth in Defendants' Statement of Undisputed Facts.
3. Plaintiffs disagree with paragraph three (3) as set forth in the Defendants' Statement of Undisputed Facts because the allocation scheme limits participation not effort.

4. Plaintiffs object to Defendants assertions in Paragraph (4) and rely upon arguments made previously in their Memorandum of Law in Response to Proposed Intervener's Supplemental Memorandum to the Court, filed September 14, 2007. Therein, Plaintiffs argued strenuously that the State had alternative conservation equivalency options and therefore Rhode Island was not "obligated" to adopt R.I.M.F.R. 15.14.2. Also, Plaintiffs have argued in their Memorandum of Law in Support of their Complaint for Declaratory Judgment and Motion for Preliminary Injuction, that Addenda such as Lobster Addenda VII are not "Coastal Fishery Management Plans", and therefore any perceived duty or obligation to adopt its provisions is misconceived by the Defendants. Additionally, the Defendants did not even address the argument. Also, as reargued in this most recent memorandum of law, Rhode Island was not "required" to adopt the unlawful regulations which it adopted.

   Moreover, there is nothing in paragraph four (4) which is supported by paragraph nineteen (19) of Plaintiffs' complaint. See also, affidavit of George Gilbert Pope (hereinafter, Pope Affidavit, State of Rhode Island Commissioner to the Atlantic States Marine Fisheries Commission (ASMFC), Paragraphs 9, 10, 11, 12 and 13, Appendix II (hereinafter App. II), 11-12. Affidavit of Gerald M. Carvalho (hereinafter, Carvalho Affidavit), Proxy for Representative Eileen Naughton as the Rhode Island Legislature Representative Commissioner to the ASMFC, Paragraphs 4, 5, App.. II, 14-15

5. Plaintiffs suspect Defendants meant that Addendum VII, not Addendum 3 was adopted and otherwise agrees with the balance of the stated undisputed facts.

6. Plaintiffs object to the assertion that Addendum VII is a "Management Plan" which is more fully argued in Plaintiffs' Memorandum of Law in Support of their Complaint for Declaratory Judgment and Motion for Preliminary Injunction, more specifically under the heading VI.
7. Plaintiffs disagree that Addendum VII required Rhode Island to adopt regulation based on individual fishermen's performance in the lobster trap fishery during the retroactive control dates of 2001-2003. Moreover, the Management Plan does nothing to reduce the number of lobsters harvested. See also Pope Affidavit, Paragraph 8, App. II, 10-11 "The ASMFC Lobster Fishery Management Plan is the only FMP that I know of that does not have an official Total Allowable Landings (TAL) or cap the total number of legal sized Lobsters that can be landed per year, or per trip, or even per day." In other words, a select few based on unlawful retroactive control dates can fish for all the lobster they want.
8. Again, Plaintiffs disagree with Defendants' assertion in Paragraph eight (8) that Addendum VII "required" that a fishermen's lobster trap allocation be based on documented participation in the lobster trap fishing during 2001-2003. The State could have proposed conservation equivalency by the Director chose otherwise, despite being alerted to the fact that the proposed regulations clearly violated Rhode Island Law. See Carvalho Affidavit, Paragraph 5, App. II, 15.
9. Defendants reference to Affidavit of Kerns in there paragraph 9 was apparently meant to reference her paragraph 21, not 22. In any event, New York and Connecticut account for a very small percentage of area 2 waters whereas all of Rhode Island's waters are in area 2. Therefore, the fact that New York and Connecticut adopted Addendum VII for Area 2 purposes is wildly misleading. It

is *de minumus* for those two states. The affidavit of Kerns, at paragraph, makes the point wherein Ms. Kerns states "New York and Connecticut have only a handful of fishermen requesting an allocation. Connecticut allocated traps to a total of four such fishermen. . ."

More Importantly, what paragraph 21 of Kerns' affidavit does note, is that New York and Connecticut have sought and received conservation equivalency for Area 6, which of course is the lion's share of those state's waters.

1. Although DEM has not yet regulated concerning the transferability of traps, R.I.M.F. Reg. 15.14.2.11, entitled "Transfer of Area 2 LTA's." is proof of the Director's intention to adopt such transferability. It is Plaintiffs' position that this is unlawful and therefore, preliminary injunction is appropriate.

Respectfully submitted,
Plaintiffs,
By their attorney,

/S/ Robert J. Caron
Robert J. Caron, Esq. 5735
55 Bradford Street, Ste 203
Providence, RI 02903
Phone: (401) 621-8600
Fax (401) 274-2480
rcaron@caronolenlaw.necoxmail.com

**CERTIFICATION**

I hereby certify that this document has been filed electronically on the 10th day of April, 2008, and is available for viewing and downloading from the ECF system.

/S/ Robert J. Caron
Robert J. Caron, Esq. 5735
55 Bradford Street, Ste 203
Providence, RI 02903
Phone: (401) 621-8600

Fax (401) 274-2480
rcaron@caronolenlaw.necoxmail.com